## Rose v. Commonwealth.

(Decided September 19, 1918.)

### Appeal from Hickman Circuit Court.

1.  Criminal Law—Continuance—Absence of Counsel.—The refusal of the circuit court to grant the accused in a criminal prosecution for the malicious shooting and wounding of another a continuance

on account of the absence of one of the two attorneys employed in his defense, will not authorize a reversal of a judgment of conviction, where it appears from the record that the attorney by whom he was defended in the circuit court had assisted the absent attorney in his defense in the examining court, was familiar with the facts relied on to establish his defense, and conducted the defense on the trial resulting in the conviction with such skill and fidelity as to manifest his competency to properly protect the defendant's legal rights.

2.   Criminal Law—New Trial—Evidence.—Surprise claimed to have resulted to the accused from the testimony of a witness impeaching his reputation, will not entitle him to a new trial, unless such surprise is made known to the court when the impeaching witness testifies, or immediately thereafter and before the case is submitted to the jury, accompanied by a motion of the accused for the discharge of the jury and continuance of the case, such motion being supported by his affidavit or offer to file one, showing that he can procure on another trial witnesses to sustain his reputation and what statements they will make. The complaint of surprise comes too late if not made until after conviction and as a ground for a new trial.

3.   Criminal Law—Evidence—Instructions.—It is not necessary for the trial court to instruct the jury in writing as to the purpose for which the testimony of an impeaching witness may be considered by the jury; hence, the court's failure to do so was not error. It is only necessary that the court orally admonish the jury that such impeaching evidence should not be considered by them as substantive evidence in determining the guilt or innocence of the accused, but only as evidence affecting his credibility, if it does so; and such admonition was properly given the jury by the court in this case immediately following the testimony of the impeaching witness.

4.   Criminal Law—Evidence.—Evidence, as a whole, examined and held sufficient to take the case to the jury and to support the verdict and judgment of conviction.

E. T. BULLOCK for appellant.

CHARLES H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

The appellant, George Henry Rose, was tried, convicted and his punishment fixed by verdict of a jury and judgment of the Hickman Circuit Court at one year's confinement in the penitentiary, under an indictment for the malicious shooting and wounding of Charles Easterwood. By this appeal he seeks the reversal of the judgment upon the several grounds hereinafter considered.

(1.) He complains that the circuit court erred in refusing him a continuance of the case on account of the absence of his principal counsel, Judge R. B. Flatt. His affidavit for the continuance merely disclosed the absence of Flatt and his familiarity with the facts constituting his defense, because of his acting as his counsel on the examining trial, but it failed to state when Flatt would return or that appellant had not learned of his absence a sufficient time before the calling of the case for trial to have enabled him to employ other counsel who could as well make his defense. Moreover, it appears from the record that he was also defended on the examining trial by Evans, another attorney, who was present and representing him in the circuit court, and who, in fact, defended him on the trial resulting in his conviction. The affidavit did not state that Evans was not as familiar with the facts constituting his defense as was Flatt or that he was not as competent to represent him on the trial in the circuit court as Flatt; and the skill and fidelity with which Evans managed the case throughout the trial demonstrated his ability, and that appellant was not prejudiced by the absence of Flatt. We are, therefore, of the opinion that appellant was not prejudiced by the failure of the court to grant the continuance because of the absence of Flatt. Howerton v. Commonwealth, 129 Ky. 482.

(2.) The appellant also complains of the refusal of the circuit court to grant him a new trial because of surprise on account of the evidence of J. F. Wright. Wright testified that appellant's reputation for morality was bad. This testimony was given after appellant had testified in his own behalf, which entitled the Commonwealth to impeach him if in its power to do so. Appellant objected to the testimony of Wright, but the objection was not rested upon the ground that he was surprised by the testimony of the latter. Nor did he move for the discharge of the jury or the continuance of the case upon the ground of surprise. Indeed, his claim that he was surprised by the testimony of Wright was not made until he entered his motion and grounds for a new trial. The claim of surprise came too late. In view of appellant's failure to make such claim at the time Wright testified and his failure to then move to set aside the swearing of the jury and ask a continuance that he might summon witnesses to testify as to his good character, he is es-

topped to urge that the refusal of the court to grant him a new trial on that ground was error.

(3.)   The appellant likewise complains of the failure of the court to instruct the jury in writing as to the purpose for which the testimony of Wright was permitted to go to them.   It does not appear that the court was asked to give such instruction in writing, nor was it necessary that this be done.   An oral admonition to the jury as to the effect to be given Wright's testimony was all that was required, and this the record shows was done by the court in the following language, immediately after the testimony of Wright was given:

"Gentlemen of the jury, the evidence of this witness (Wright), with reference to the general reputation of the defendant for morality is not to be taken by you as substantive testimony as to the guilt or innocence of the defendant on trial; but it is only allowed to go to you as affecting his credibility as a witness, if it does affect it, and you will not consider it as substantive testimony as to the guilt or innocence of the defendant."

(4.)   Appellant further complains that the verdict was unsupported by, and is contrary to, the evidence. The evidence relied upon by the Commonwealth to convict the appellant was furnished by the testimony of John Easterwood and Charles Easterwood, brothers, the former being a son-in-law of appellant.   It appears from their testimony that on the day of the shooting appellant went with his daughter, the wife of John Easterwood, to the town of Columbus, Hickman county, and that while there the daughter brought a suit against her husband for a divorce; that in the afternoon appellant, in returning to his home on Wolf Island, passed the residence of John Easterwood, where he stopped and engaged in a quarrel with the latter in which he charged him with having used some wire belonging to him in building a fence for his (Easterwood's) employer, one Davis. Easterwood denied the charge, whereupon appellant cursed him and his brother, Charles Easterwood, who was present, told them to "get ready" and that he would come back.   Appellant then left and went in the direction of his own home, which was only a few hundred yards distant from that of John Easterwood.   He soon returned with a double-barrelled shotgun in his hands and upon getting within a few steps of the house where John and Charles Easterwood had placed themselves, fired a shot

therein through the open door. Following this shot John Easterwood and Charles came out of the house, the former armed with a shotgun and the latter with an automatic pistol, and as Charles came out of the door the appellant fired a second shot which struck and wounded Charles Easterwood in the hip and leg. Thereupon the Easterwoods both began shooting at appellant, who immediately left the premises and returned to his own home slightly wounded.

In testifying in his own behalf the appellant admitted that he stopped at John Easterwood's house in returning to his home from Columbus and that he had some words with him about the wire which had been used by Easterwood in building the fence for Davis. He denied, however, that he cursed the Easterwoods or made any threats, but confessed that he did go to his home, or as far as a hogpen, near his residence, where he had left his shotgun that morning, and that upon getting possession of that weapon he returned to the home of John Easterwood, where the shooting occurred. He also admitted that he shot at the Easterwoods, but claimed that he did not do so until after they had shot at him. Both appellant and the Easterwoods testified that the shooting occurred about or shortly after dark. According to the testimony of the Easterwoods appellant was the aggressor, and they acted in self defense. But according to his testimony they began the difficulty by shooting first at him. It was the province of the jury to determine from the evidence the guilt or innocence of appellant; and in view of the admission of appellant that he engaged in a quarrel with John Easterwood a few minutes before the shooting, and the unsatisfactory explanation given by him for going to his home and returning with his shotgun to the house of John Easterwood, followed by the shooting, we are not inclined to say that their conclusion that the shooting of Charles Easterwood by appellant was malicious and unlawful, was not warranted by the evidence. It is patent, therefore, that the appellant's contention that the verdict is without support from the evidence cannot be sustained.

The instructions are not complained of, and as the appellant seems to have had a fair trial, the judgment must be, and is, affirmed.