## Thomas v. Commonwealth.

(Decided June 15, 1920.)

## Appeal from Ballard Circuit Court.

1. Criminal Law—Motion for Continuance—Absence of Counsel.— The absence of an attorney for a defendant is not a ground for a continuance or postponement of a trial, unless it is made to appear to the court, that the defendant cannot have a fair trial without the presence of such attorney.

2. Rape—Detention of Female—Inspection.—Upon the trial of one indicted for unlawfully detaining a female against her will, with the intent to have carnal knowledge of her, a court is not authorized, upon the motion of the accused, to have a physical examination and inspection of her person made, for the purpose of securing evidence of her unchastity, to corroborate a claim of the accused that the acts constituting the detention were done with her consent, against the consent of the female, and if she consents to such inspection, the authority of the court is unnecessary.

JOHN M. MOORE and CROSSLAND & CROSSLAND for appellant.

CHARLES I. DAWSON, Attorney General, THOMAS B. McGREGOR, Assistant Attorney General, and W. P. HUGHES for appellee.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellant, Earl Thomas, was tried and found guilty of the crime of unlawfully taking and detaining a woman against her will with the intent to have carnal knowledge of her himself, which is denounced in section 1158, Kentucky Statutes. The sentence imposed upon him was two years' confinement in the penitentiary. There is no contention, that the evidence was insufficient to support the verdict of the jury, or that the pleadings are not sufficient to support the judgment. A reversal of the judgment is sought because of alleged errors of the court in denying a continuance or postponement of the trial, errors made during the trial, and in overruling the motion for a new trial.

(a) It is claimed that the court abused its discretion to the prejudice of the accused, in denying him a continuance or the postponement of the trial until another and later day, in the term. The ground upon which the continuance or postponement was sought, was the absence of one of the attorneys for the accused, upon

the day the action was set for and called for trial, and
if a postponement had been granted until a later day
in the term, it would have enabled the attorney to have
been present, and participate in the trial and assisted
in the conduct of the defense of the accused. The facts
upon which the continuance or postponement was asked
were as follows: The accused employed an attorney for
his defense, who was made acquainted with all the facts
of the case, and several days before the beginning of
the term, at which the trial took place, accompanied by
his attorney, the accused sought to employ a partner-
ship, consisting of two attorneys, and who resided in an
adjoining county, to render him further assistance. The
attorney, because of whose absence the continuance or
postponement was asked, when he was informed of the
day, upon which the action was set for trial, informed
the accused and his attorney accompanying him, that
he could not be present in the Ballard circuit court
upon that day, because of a previous employment in an
action, which would be upon trial in a court in another
county, upon that day, and that he could not undertake
the employment, unless a postponement of the trial
could be had until a later day. It was the opinion of the
attorney accompanying the accused, that the postpone-
ment could be secured, and upon that condition, the
other attorneys accepted the employment. No arrange-
ments were sought or made for a postponement of the
trial, until the action was called for trial, and the at-
torney for the Commonwealth had answered that he
was ready to proceed with the trial, when the absence
of the attorney was set out in the affidavit, and the cause
of his absence was stated to be, that he was then en-
gaged, in a trial, in the McCracken circuit court, but,
if the trial of this cause was postponed for another day,
that he could be present and would be. The attorney,
whom the accused first employed was present, and also,
one of the attorneys of the partnership, whom he had
employed, as above stated. No reason of any kind is
suggested, in the affidavit, as to why the two attorneys,
who were present, could not fully and adequately con-
duct the defense of the accused, nor any peculiar fact,
circumstance or reason, why the presence of the absent
attorney was necessary, in order to secure for the ac-
cused a fair and impartial trial and the full protection
of the laws and the benefit of any fact, that would tend
to support the defense. It thus appears, that there was

no element of surprise, in the failure of the attorney to be present, when the case was called for trial. The accused was not expecting the presence of the attorney, at that time, nor was the attorney intending to be present, at that time, nor was the accused or his counsel surprised by the calling of the action for trial. It has been held that the absence of one or more of the attorneys, for a defendant is not a ground for a continuance of the cause and for the same reason not a valid cause for a postponement, unless it is made to appear, that the defendant cannot have a fair trial without the presence of such attorney. Tolliver v. Commonwealth, 165 Ky. 312; Brown v. Commonwealth, 7 K. L. R. 451; Stevens v. Commonwealth, 9 K. L. R. 742; Cook v. Commonwealth, 114 Ky. 586; Mullins v. Commonwealth, 172 Ky. 92; Rose v. Com., 181 Ky. 337; Howerton v. Com., 129 Ky. 482. The cases of Bates v. Com., 13 K. L. R. 135; Leslie v. Com., 19 K. L. R. 1203; Cornelious v. Com., 23 K. L. R. 771; Wilson v. Com., 134 Ky. 670; and McDaniel v. Com., 205 S. W. 918, do not support a contrary doctrine. In those cases, wherein it was held, that the failure to continue or postpone the trial of the accused on account of the absence of the counsel, was prejudicial to the accused, the absence of the counsel resulted in a surprise upon the accused, or in a state of case, wherein he was unable for want of time or other reason, to secure other counsel, or on account of the nature of the facts, the unavoidable absence of a particular person as counsel, the accused was prevented from having a fair and full presentation of his defense. The facts, in the instant case were few and easily understood; the two attorneys who represented the defendant, upon the trial seem to have been perfectly conversant with all of them, and from an examination of the record, it does not appear, that anything could have properly been done in the defense of the accused, which was not done. The court must have known from experience, that if the absent attorney on the day the action was called for trial, was then engaged, in the trial of one accused of murder, in the court of another county, that it was wholly problematical when the vicissitudes of that case, which he was engaged in trying, would permit him to be absent from that court, so as to give attention to the defendant's defense, in this action. The reason suggested, as to why the denial of a postponement of the

trial was prejudicial, to the effect, that the absent attorney if present would probably have advised the accused to have refrained from offering in evidence in his defense, the proof of certain things, which the accused stated were facts, and the admission of which, it is argued had the effect of creating a prejudice against him, in the minds of the jurymen, does not seem to be meritorious, as that would be to strangely conclude, that the rights of the accused were prejudiced, by permitting him to put into the evidence the proof of things, which he contends were the true facts of the case. The granting of continuances and postponements of trials are matters within the sound discretion of the trial court, and must necessarily be, as the postponement of a trial affects the arrangement and conduct of a court, and if the court does not abuse its discretion, a ruling of it upon such subjects will not be disturbed. The record does not demonstrate, that the rights of the accused were in any wise prejudiced by the refusal to grant a continuance or postponement of the trial.

(b)   The appellant insists, that the court, erred to his prejudice in permitting the mother of the young woman whom the defendant is alleged to have unlawfully detained, to remark to the attorney for defendant, while the young woman was undergoing cross-examination as a witness, that the witness did not understand, what he meant by a question which he propounded to her, and that the remark suggested to the witness to change her statement, and that she did so, upon a question material to the defense. The court of course could not prevent the remark by the mother of the witness, and the record does not show, that it was even heard by the judge. No objection was made to the remark, nor was the court's attention called to it, nor was there any request to the court to take any action in reference to it. A reading of all the testimony of the witness leads to the conclusion that the remark of the mother to the attorney, had no influence upon the testimony of the witness, and was as harmless to the accused, as his attorneys seemed to treat it at the time.

It is, also, complained that an attorney who was assisting in the prosecution, by a question, which he propounded to the prosecutrix, caused her to make a change in her testimony. This was a question addressed to her, to know if she understood a question asked her by the

attorney for the accused, and stating the question. No change, however, was made in her testimony because of the latter question, because the attorney for defendant had not permitted her to answer the question asked by him, except in part, having propounded another when she had only partially answered the question, and stopped her from making a complete answer. No impropriety could arise from permitting the witness to make herself understood, in reference to the question asked her by the attorney for defendant, and to prevent the leaving of the examination, in such a condition, that the jury might misunderstand the testimony. The question asked by the attorney for the Commonwealth, which is complained of did not indicate the answer desired.

(c) In defense of the charge against him the defendant deposed, that on three different occasions previous to the one, upon which it is claimed, that he committed the crime for which he was convicted, that the prosecutrix had voluntarily submitted to having sexual intercourse with him and that she had informed him, that as the results of the intercourse, she had become *enciente,* and at her solicitation, he had secured and administered to her a drug for the purpose of producing an abortion. The acts which constitute the crime denounced by section 1158, *supra,* must of course be done against the will of the woman, and such a crime may be committed against a lewd woman, as well as a chaste one, but, it is competent upon the trial of one accused of the crime to show previous sexual intimacy between himself and the woman, or acts on the part of the prosecutrix of a lewd and lascivious character with other men, occurring shortly before the commission of the crime alleged, where the issue is whether or not the acts constituting the crime were done against the will of the woman, and were or were not done by the accused with her consent, in corroboration of the claim that the acts were done with her consent. Brown v. Com., 102 Ky. 227; Stewart v. Com., 141 Ky. 522; Gravitt v. Com., 184 Ky. 436. Before the trial was entered upon, the appellant moved the court to cause a physical examination of the young woman to be made by a competent physician to determine whether she had ever been guilty of a fornication, and during her cross-ex-

amination as a witness, in reply to questions propounded by the attorneys for the appellant, she testified that she had never had sexual intercourse with the accused nor any other person, and in answer to a further inquiry by the same attorneys, she declared her willingness to submit to a physical examination, to determine the truth of her statements. At this point the appellant renewed his motion. Both motions were, however, overruled, and of this the appellant complains. At the time, the motions were made, there had been no charge by affidavit, evidence or otherwise, to indicate to the court, that any accusation of unchastity could be brought against her, or that the demonstration of whether or not she had been theretofore chaste or unchaste would shed any light upon the issues of the trial. Under such a state of case, it is apparent, that a court would be without authority to assume and exercise a power to unnecessarily invade the privacy and offend the instincts of modesty of a young woman, who is a mere witness, in an action, and to humiliate her, by directing a physical examination of her person, against her consent, upon the mere request of one, whom she accused of having made an unjustifiable assault upon her. It is apparent, that if she is willing to submit to such an examination, the authority of the court is not necessary to effect it. Afterward, when the accused testified, he gave evidence of the improper intimacy of the prosecutrix with him, as before stated, and this was the first time anything was brought to the attention of the court, upon which it could, in any event, have acted, in directing a physical examination of the prosecutrix. The motion was not thereafter renewed. The foregoing is sufficient to show that the contention of appellant, that it was the duty of the court to order such an examination made with the consent of the young woman or to require her to submit to such an examination if against her consent, for his benefit, is not meritorious. A number of authorities are, however, cited by appellant in support of his contention, that it was the duty of the court to order and require such an examination, in cases of this character, but, none of the authorities cited have any relation to such a state of case. It is true, that it is a well established principle, which applies to civil actions for damages for personal injuries, that under certain states of case, which may exist in such action,

the courts will upon a proper showing, require a plaintiff to undergo an examination by competent persons to determine the extent and nature of the injuries complained of, as held in I. C. R. R. Co. v. Browder, 136 Ky. 45; Belt Electric Line Co. v. Allen, 102 Ky. 551; L. & N. R. R. Co. v. Simpson, 111 Ky. 754. The authority of these cases is conceded, and it is said that in actions for divorce upon the ground of permanent impotency and such malformation as prevents sexual intercourse, that on account of the necessity of the case, the courts have exercised the right of requiring a party to the suit to submit to a physical examination. All such cases, however, are civil actions, wherein parties are invoking the aid of the courts, to sustain them in their civil rights. In an action similar to the instant one, the alleged wronged female is a mere witness. She is seeking no relief and the Commonwealth is conducting a prosecution for the good of social order and society. Our attention has not been called to any case, wherein the court has exercised the authority to require or even have conducted, through its agencies, a physical examination and inspection of the persons of the women, in cases of criminal prosecution for unlawful detention of them against their wills, with the intention to have carnal knowledge of them, and kindred crimes. It has never been resorted to in practice, in this jurisdiction, which is a convincing authority, that the right does not exist. In the states of Texas and Arkansas to falsely charge a female with having been guilty of fornication is by statute a penal offense and for which one may be punished by fine and imprisonment, but the courts of those states have refused, upon motion of a defendant, to require a prosecutrix to submit to an inspection and examination of her person to determine whether she had been guilty of fornication, unless she consents to the inspection. Bower v. State, 755 S. W. 299 (Texas); Whitehead v. State, 45 S. W. 10 (Texas); McArthur v. State, 59 Ark. 436. In McGuff v. State, 88 Ala. 147, the court expressed doubt, that such a right existed and refused to order a reversal of a conviction, where the trial court had denied the request of one tried upon a charge of attempted rape, to require a physical examination of the prosecutrix, holding that in any event, it was a matter within the discretion of the trial court and not reviewable. The exer-

cise of such a right would lead to the greatest abuses, and would probably amount to a safe guarantee of an escape from punishment, in many instances, in that modest women would oftentimes doubtless prefer to bear with the wrong visited upon them, than to expose themselves to the humiliation of a physical examination. The evidence obtainable by a physical examination and inspection of the person of the prosecutrix would not prove an undue intimacy with the defendant, though it might prove such with another, and, in any event, such evidence could only be corroborative of that of the defendant when his defense is, that the acts constituting the detention were done with the consent of the prosecutrix, but, where a denial of the acts constituting the detention is made, and no question arises as to the consent of the prosecutrix to such acts, it is impossible to see how evidence obtained by a physical examination of the prosecutrix could shed any light upon the truth of the issues. Hence, the court did not err in declining to order or require the physical examination of the witness.

The judgment is therefore affirmed.