# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## SEPTEMBER TERM, 1903.

CASE 21—INDICTMENT AGAINST CHARLES J. BARCLAY FOR PROCURING
ONE WITHOUT AUTHORITY TO SOLEMNIZE A MARRIAGE.—SEPT. 24.

## Barclay v. Commonwealth.

APPEAL FROM FULTON CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. AFFIRMED.

WRONGFUL SOLEMNIZING OF MARRIAGE—ACCESSORY—INDICTMENT—
WIFE TESTIFYING AGAINST HUSBAND—VENUE—EVIDENCE—ADMIS-
SIONS—OPENING CASE—IMPEACHING TESTIMONY.

Held: 1. Under Statutes (1899), section 2110, making it a peni-
tentiary offense for one not authorized to solemnize a marriage
under a pretense of having authority, and section 1128, provid-
ing that in all felonies accessories before the fact shall be liable
to the same punishment as principles, an indictment alleging that
one solemnized a marriage between defendant and another, and
that defendant procured him to so solemnize it, knowing that he
did not have authority, is sufficient.
2. Though Statutes (1899), section 2102, provides that no marriage
solemnized before any person professing to have authority there-
for shall be invalid for want of such authority, the rule that a
wife can not testify against her husband does not apply on prose-
cution of the man for procuring one without authority to sol-
emnize his marriage, though the woman did not know that the
person solemnizing it did not have authority.
3. To show that a mock marriage took place in the State, one who
knew the place, but did not know the location of the State line,
may testify to having shown it to another, and he may testify
to her having shown it to him.

(275)

Barclay v. Commonwealth.

.4. Witnesses may testify to admissions made to them by defendant.

5. Refusal to open the case during the argument, and allow introduction of newly discovered evidence, going only to impeach a witness' testimony, is not an abuse of discretion.

6. Testimony as to what a witness said when persons went to take his testimony, being competent only to contradict his testimony, is not admissible, proper foundation for the contradiction, by his being asked as to the statements, not having been laid.

SAMUEL H. CROSSLAND, FOR APPELLANT.

1. The indictment is defective. The accusative part of it uses the words "wilfully and feloniously," while said words are omitted from the charging part thereof.

2. It does not appear from the indictment but what the marriage ceremony was performed simply as an innocent amusement between the person performing and the defendant and Adeline Chandler, and if it was thus done, no offense was committed.

3. It does not charge conspiracy between the defendant and the one who performed the ceremony, falsely and fraudulently to seduce from virtue and carnally know an unmarried female, by producing a pretended marriage license, and thereby deceiving and cohabiting with her.

4. To make a good indictment it was necessary to charge such facts as were necessary at common law to charge a conspiracy to seduce.

5. It is not sufficient always to follow the language of the statute in setting forth the offense in the indictment.

6. The court erred in admitting Adeline Chandler and Bob Lee Chandler to detail what was said and done by them in the absence of defendant.

7. The court erred in admitting a statement detailed by Dr. Farribo as to what defendant said to him about seeing the young lady and know if she would marry him, as they might put him in the pen.

8. There is no testimony to show that the man who performed the ceremony was not qualified to do so.

9. The court erred in failing to instruct the jury that "a confession of a defendant, unless made in open court, will not warrant a conviction unless accompanied with other proof that such offense was committed."

10. The court erred in refusing to allow defendant to introduce a witness whose evidence was important, and had just been discovered, after the argument of the case had begun.

11. The court erred in not granting the defendant a continu-

Barclay v. Commonwealth.

ance. Juries pay no attention to affidavits read as depositions of absent witnesses.

### AUTHORITIES CITED.

1. The demurrer to the indictment ought to have been sustained. See Mitchell v. Com., 21 Ky. Law Rep., 222; Wharton's Amer. Crim. Law, 9th ed., vol. 2, sec. 1362; Wharton's Crim. Prac. & Plead., sec. 221, subsecs. 1, 2 and 3; Ky. Stats., sec. 2103; 1 Bishop Crim. Procedure, sec. 277; Tully v. Com., 11 Bush, 158 *et seq.;* The Com. v. McCrory, 3 Ky. Law Rep., 241; Same v. Schurer, 4 Ky. Law Rep., 342; Same v. Greene, 3 Ky. Law Rep., 659; Same v. Stout, 7 B. M., 247; Taylor v. Com., 1 Duv., 161; Com. v. Monarch, 6 Bush, 298; Same v. Monarch, 6 Bush, 301; Ritte v. Com., 18 B. M., 40; Com. v. Kammerer, 11 Ky. Law Rep., 777; Obannon v. Com., 15 Ky. Law Rep., 654; Com. v. Starling & Ramsey, 24 Ky. Law Rep., 492; Same v. Bowman, 16 Ky. Law Rep., 222; see, also, U. S. v. Hess, 124 U. S. (S. C. Rep.), 516; Evans v. United States, 153 U. S. (S. C. Rep.), 831; U. S. v. Carrol, 105 U. S. (S. C. Rep.), 611 (Book 26, 1135); U. S. v. Cruikshank, 92 U. S. (S. C. Rep.), 593 and 594; U. S. v. Walter Mann, 95 U. S. (S. C. Rep.), 531; Darter v. Com., 9 Ky. Law Rep., 277; Richie v. The Com., 23 Ky. Law Rep., 1237.

2. The admission of incompetent evidence. Ky. Stats., secs. 2100, 2102, 2115, also 2105; Bassett v. Bassett, 9 Bush, 697; Robinson v. The Com., 6 Bush, 310; Demarsley v. Fishley, 3 Mar., 368, 369, 370, &c.; Tompert v. Tompert's Exor., 13 Bush, 326; Civil Code of Practice, sec. 635; William E. Bassett v. United States, 137 U. S. (Supreme Court Reports), 762.

3. Failure to give proper instructions. Ky. Stats., sec. 2105; Crim. Code, sec. 240; Cunningham v. The Com., 9 Bush, 149; Patterson v. Com., 86 Ky., 313; Wigginton v. Com., 92 Ky., 282; Kelley v. Com., 21 Ky. Law Rep., 1306; Dugan v. Com., 19 Ky. Law Rep., 1277-8; Bush v. Com., 13 Ky. Law Rep., 425.

H. J. MOORMAN, ATTORNEY FOR THE COMMONWEALTH, 1ST DIST. OF KENTUCKY. C. J. PRATT, ATTORNEY GENERAL, AND McKENZIE. TODD, FOR COMMONWEALTH.

1. This is a purely statutory offense, and is not an act fixing a punishment to a common law offense, and in such a case it is only necessary in defining the offense to follow the language of the statute, and in a statutory offense it is not necessary to charge that the act was done "wilfully and feloniously."

2. Adeline Chandler was a competent witness because she was not the wife of the defendant, the pretended marriage being void, not merely voidable.

3. It is manifest from the evidence heard that the result of the trial would not have been changed if defendant's absent witness had been present.

### AUTHORITIES CITED.

Ky. Stats., sec. 2110; Com. v. Carter, 15 R., 253, or 94 Ky., 527 and authorities cited; Wharton's Crim. Pleading and Prac., 9 ed., sec. 231; Mitchell v. Com., 10 R., 911; Paynter v. Com., 21 R., 1562; Hinkle v. Com., 23 R., 1989; Com. v. C. & O. R. R. Co., 19 R., 329; Com. v. Turner, 8 Bush, 2; Com. v. Schurer, 4 R., 342; sec. 6, art. 1, chap. 47, Rev. Stats.; sec. 1960, Ky. Stats.; sec. 2103, Ky. Stats.; Com. v. 7 B. M., 2; Com. v. Bell, 17 R., 277; Howard v. Com., 17 R., 1195; Conner v. Com., 13 Bush, 261 and 2; Com. v. Slaughter, 12 R., 893; Com. v. Benge, 13 R., 591; Com. v. Greenwell, 8 R., 609; Com. v. Smithers, 8 R., 602; Ky. Stats., sec. 1338; Wharton's Crim. Law, 9th ed., sec. 1672 to 1675, inclusive; Higgins v. Com., 14 R., 730; Cundiff v. Com., 9 R., 537; Ky. Stats., sec. 2097; sec. 2, chap. 47, p. 42, 2 vol., Rev. Stats.; Estill v. Rogers, 1 Bush, 63; Stewart v. Munchandler, 2 Bush, 279; Jane Ewing v. Elizabeth Bibb, 7 Bush, 556; 1st ed. Am. & Eng. Ency. of Law, 14th vol., 485; Tompert's Exrs. v. Tompert, 13 Bush, 327; Dugan v. Com., 19 R., 1277; Patterson v. Com., 86 Ky., 313; Wigginton v. Com., 92 Ky., 282; Gilbert v. Com., 23 R., 1094; Keelin v. Com., 84 Ky., 354; Adkins v. Com., 17 R., 1092.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

The first question made in this case is as to the sufficiency of the indictment. The charging part of the indictment is in these words: "In the said county of Fulton, on the first day of September, 1902, and before the finding of this indictment, some man whose name to this grand jury is unknown did, without authority, solemnize a marriage between Charley Barclay and Adeline Chandler, under pretense of having authority to do so, and that Charley Barclay at the time being present, and well knowing that said man, whose name to this grand jury is unknown, did not have authority to solemnize a marriage, did counsel, advise, procure, persuade, command, cause, hire, aid and abet the said man, whose name to this grand jury is unknown, and

who was not authorized to do so, to solemnize a marriage between him the said Charley Barclay and Adeline Chandler, under pretense of having authority, against the peace and dignity of the Commonwealth of Kentucky."

The indictment is found under section 2110, Kentucky Statutes, 1899: "If any person not authorized shall solemnize a marriage under pretense of having authority, . . . he shall be confined in the penitentiary not exceeding three years." Section 1128, Kentucky Statutes, 1899, also provides: "In all felonies accessories before the fact shall be liable to the same punishment as principals and may be prosecuted jointly with principals or severally, though the principals be not taken or tried unless otherwise provided in this chapter."

The indictment follows the statute. Ordinarily an indictment for a statutory offense is sufficient if it follows the statute. It was not necessary to state in the indictment a conspiracy between Barclay and the person performing the ceremony to seduce the woman under a mock marriage, according to the common-law precedents, for the statute has created a new offense. Nor was it essential to set out what pretense of authority was made by the person who performed the ceremony. To require this would be to add to the words of the statute, and to make a conviction impossible in many cases provided for by the statute. We therefore conclude that the indictment was sufficient.

The court allowed Adeline Chandler to testify against appellant on the trial, and of this he complains also. Section 2097, Kentucky Statutes, 1899, declares a marriage void when not solemnized or contracted in the presence of an authorized person or society. But section 2102 provides: "No marriage solemnized before any person pro–

fessing to have authority therefor shall be invalid for the want of such authority, if it is consummated with the belief of the parties or either of them that he had authority and that they have been lawfully married."

It was shown on the trial that after the pretended marriage appellant took the woman into the State of Tennessee, and there lived with her a week as his wife, she supposing that they had been regularly married. It is insisted for appellant that, as the marriage had been consummated with the belief on her part that they had been lawfully married, it was by the terms of the statute not invalid for want of authority in the person solemnizing it, and that therefore Adeline Chandler was appellant's wife, and so could not testify against him. We can not concur in this conclusion. The case falls within one of the well-settled exceptions to the rule that a wife can not testify against her husband. In 1 Greenleaf on Evidence, section 343, it is said: "To this general rule excluding the husband and wife as witnesses there are some exceptions, which are allowed from the necessity of the case, partly for the protection of the wife in her life and liberty, and partly for the sake of public justice. But the necessity which calls for this exception for the wife's security is described to mean, 'not a general necessity, as where no other witnesses can be had, but a particular necessity, as where, for instance, the wife would otherwise be exposed, without remedy, to personal injury.' Thus a woman is a competent witness against a man indicted for forcible abduction and marriage, if the force were continuing upon her until the marriage, of which fact she is also a competent witness, and this by the weight of the authorities, notwithstanding her subsequent assent and voluntary cohabitation, for otherwise the offender would take advantage of his wrong."

Other authorities might be cited, but the principle is so well settled that we deem it unnecessary. If the rule were otherwise, it would be in the power of the defendant by consummating the marriage, and thus adding another wrong to the crime he had already committed in procuring the mock marriage, to protect himself from punishment for the crime.

We see no substantial error in the admission of evidence. It was proper to allow Adeline Chandler and Bob Lee Chandler to testify as to the place she showed him as the spot where the mock marriage took place, for this was done to show that it took place in Kentucky, and not in Tennessee, as she did not know the location of the State line. The evidence of Dr. Farribo and others as to the statements made to them by Charley Barclay was competent, for the admissions of the defendant may always be given in evidence, and it was a question for the jury what weight they would give to them. There was nothing in the case calling for an instruction, under section 240 of the Criminal Code of 1889, to the effect that a confession of the defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such offense was committed. There was other proof that the offense was committed, and there was no confession of the defendant proven on the trial; the statements proved to have been made by him were simply admissions which were more or less inconsistent with his testimony on the trial.

We do not think that the circuit judge abused a sound discretion in refusing to open the case during the argument, and allow the newly discovered evidence to be given, which only went to impeach Adeline Chandler's testimony.

The testimony as to what Bill Clark said when they went to take his deposition should not have been admitted, as

this evidence was only competent for the purpose of contradicting his testimony, and proper foundation was not laid for the contradiction, as he had not been asked as to these statements. But Bill Clark was shown to be so sick at this time that we do not think the jury could have paid any attention to his saying under the circumstances that he would not tell anything and didn't know anything to tell, adding that he did not know whether he would live three days. He looked then like he was liable to die any time. And besides, Bill Clark was otherwise successfully impeached.

While the evidence is conflicting, we can not reverse on facts. Judgment affirmed.