## LeMoyne, et al. v. Neal.

(Decided March 27, 1914.)

### Appeal from Whitley Circuit Court.

1. Ejectment—Patent—Exclusions—Evidence.—In an action of ejectment, evidence for plaintiffs, that the land in controversy was not covered by any of the exclusions in the patent under which they claimed, held sufficient to take the case to the jury.

2. Ejectment—Adverse Possession—Well Marked Boundary.—Evidence.—In an action of ejectment, evidence examined and held insufficint to show that defendant claimed to a well marked boundary.

3. Ejectment—Adverse Possession—Instruction.—In an instruction on adverse possession, it is better to use the expression, "actual, open, notorious, continuous, adverse and peaceable possession."

4. Champerty—Deed—Adverse Possession.—To render a convey· ance champertous it is necessary not only that the land be claimed to a well defined or well marked boundary, but the claimant's possession at the time of the conveyance must have been an actual adverse possession, manifested by some act or fact sufficient to indicate to others that he in fact had the possession, and that the ousted claimant had been dispossessed.

HENRY C. GILLIS for appellants.

R. L. POPE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action of ejectment, John V. LeMoyne and others seek to recover from the defendant, J. J. Neal, 60 acres of land, formerly lying in Whitley County, and now situated in the new county of McCreary. Defendant denied the title of plaintiffs, and pleaded title in himself. From a verdict and judgment in favor of defendant plaintiffs appeal.

It is insisted that the answer is insufficient in a number of respects to support the verdict, but in view of the conclusion of the court on other questions, and the further fact that the case will be remanded for a new trial,

and the defendant may then amend if he so desires, we deem it unnecessary to pass on these questions.

Plaintiffs introduced a patent issued to A. S. O'Bannon, Griffin Morgan & Company, for 8,000 acres of land in the year 1852. The patent excludes lands previously patented. It was agreed by the parties that plaintiffs had a complete chain of title by conveyances from the patentees. It then became necessary for the plaintiffs to prove that the land in controversy was not within any of the exclusions. John M. Jones, a surveyor of long experience, so testified. Defendant then attempted to show that the land in controversy was covered by previous surveys, and the evidence in this respect consisted of mere expressions of opinion not based on actual facts. While the evidence for plaintiffs was not as full and complete as in the case of Steele v. Bryant, 132 Ky., 569; Caddell v. Eagle Co., 144 Ky., 396, and other cases of kindred character, yet we think it was sufficient to take the case to the jury, and that the defendant was not therefore entitled to a peremptory on the ground of failure of proof.

Defendant introduced a patent to Allen Marlow, older than plaintiffs' patent, and covering land not claimed by plaintiffs. He also introduced three deeds, forming a chain of title from Allen Marlow to Daniel B. Neal, defendant's father. None of these conveyances cover or include the land in controversy. They purport to convey the Marlow patent and another tract, consisting of 50 acres. This other tract is known as the Mart and Sal Moore 50-acre tract, referred to in the Neal lease, which will hereinafter be considered. The location of the Marlow tract is not in dispute. Defendant shows no patent to the Sal Moore tract. While there was an effort made to show that the Sal Moore deed included a part of the land in controversy, the record conclusively shows that such is not the case. While defendant claims that he went into possession of the land about 1896, his evidence utterly fails to show that there was a well-defined or well-marked boundary around the tract of land claimed by him, or that he claimed to a well-marked boundary. We, therefore, conclude that the evidence of adverse possession is insufficient to take the case to the jury.

To defeat the plea of adverse possession and champerty plaintiffs rely on the following lease:

"I, J. J. Neal, hereby agree to lease from Louise D. Vanwinkle, Executrix, the house and lot where I now live on waters of Marsh Creek in Whitley County, Ky., and be a tenant until given notice to vacate—provided the 50-acre tract mentioned in deed of Mart and Sal Moore to Dan'l Neal does not properly and legally include said house and lot.

"October 4th, 1899.

"J. J. NEAL."

Vanwinkle, who obtained this paper from defendant, says that defendant signed it, and it is in defendant's handwriting. There are also in the record certain admitted signatures of the defendant which are very similar in character to the signature on the lease. Defendant, however, denies that he signed the writing in question. However, he admits having the following conversation with Vanwinkle:

"He asked me if Sal Moore 50 acres, where it was located, if it didn't take the house and lot, if I would take that and live on it under lease. I told him if I lived on it at all I would under lease—but if there was any writing I don't remember it."

The court instructed the jury as follows:

"1. If you believe from the evidence that the lands in controversy in this action lie within the exterior boundary of the A. S. O'Bannon, Griffin Morgan patent No. 18022, and outside of the exclusions mentioned in said patent, then said lands are the property of the plaintiff, John V. LeMoyne, and you will so find, unless you further believe from the evidence that the defendant, J. J. Neal, and those under whom he claims, has for a period of 15 years or more next before the commencement of this action held and claimed said lands against the plaintiff LeMoyne and all persons whomsoever, openly, notoriously, continuously, uninterruptedly, visibly and adversely to well marked and clearly defined lines and boundaries, in which event your finding will be for the defendant, J. J. Neal.

"2. If you believe from the evidence that the defendant, J. J. Neal, signed, executed and delivered the writing introduced in evidence by John S. Vanwinkle, and which purports to be a lease contract whereby the said Neal agreed to hold the lands in controversy as the tenant of the plaintiff's predecessor, Louise D. Van-

winkle, then your finding will be for the plaintiff, John V. LeMoyne.

"3.   Nine or more of your number may return a verdict but if less than twelve make a verdict all who agree to it must sign it.

"4.   Please say in your verdict upon which instruction you base your finding.

"5.   If you believe from the evidence that at the time Louise D. Vanwinkle made, executed and delivered to the plaintiff, John V. LeMoyne, the deed under which he claims, of date Dec. 20, 1900, the defendant J. J. Neal, or those under whom he claims, was then in the actual, open, notorious, adverse possession of the lands in controversy, claiming and holding same as their own against the plaintiff and his predecessors, then the said deed was champertous and void, and your finding must be for the defendant, J. J. Neal."

It will be observed that the latter part of instruction No. 1 on adverse possession authorizes a finding in favor of defendant if the defendant, for a period of 15 years or more next before the commencement of the action "held and claimed said lands against the plaintiff Le Moyne and all persons whomsoever, openly, notoriously, continuously, uninterruptedly, visibly and adversely." In view of the fact that the jury may not understand the meaning of the word "held," we do not regard it as sufficient to take the place of the word "possession." It is better to use the stereotyped expression "actual, open, notorious, continuous, adverse and peaceable possession."

In view of the fact that defendant practically admitted the agreement contained in the written lease which he repudiated, the court, in lieu of instruction No. 2, should have told the jury that if the defendant held the land as tenant of plaintiffs' predecessor, Louise D. Van-Winkle, either under written or oral lease, then they should find for plaintiffs.

Instruction No. 5 on champerty is erroneous. At the time Neal had possession of only four or five acres, which were under fence. Under the instruction, the jury had the right to believe that the possession of this part of the land was sufficient, whereas it was not only necessary for him to claim the land in controversy to a well defined or well marked boundary, but his possession at the time of the deed from VanWinkle to LeMoyne of December 20, 1900, must have been an actual adverse

possession, manifested by some act or fact sufficient to indicate to others that he in fact had the possession, and that the ousted claimant had been dispossessed. Cardwell v. Shregg's Heirs, 1 B. Mon., 370. Instruction No. 5 is also erroneous in that it authorizes a verdict for the defendant without calling to the attention of the jury the claim of plaintiffs that defendant was a tenant of Mrs. VanWinkle at the time of the execution of the deed of December 20, 1900.

On another trial, if there be evidence of defendant's claim to a well defined or well marked boundary, the court will instruct the jury as follows:

1. If you believe from the evidence that the lands in controversy in this action lie within the exterior boundary of the A. S. O'Bannon, Griffin Morgan Patent No. 18022, and outside of the exclusions mentioned in said patent, then said lands are the property of the plaintiffs, and you will so find, unless you believe as in instruction No. 2 or No. 3.

2. If you believe from the evidence that the defendant, J. J. Neal, and those through whom he claims, were, for a period of 15 years or more next before the commencement of this action, in the actual, open, notorious, continuous, adverse and peaceable possession of said lands, claiming them to a well marked or well defined boundary, you will find for defendant, unless you believe as in instruction No. 5.

3. If you believe from the evidence that at the time Louise D. VanWinkle made, executed and delivered to the plaintiff, John V. LeMoyne, the deed, dated December 20, 1900, defendant, J. J. Neal, was in the actual adverse possession of the land in controversy, claiming same to a well defined or well marked boundary, then the said deed was champertous and void, and you will find for the defendant, unless you believe as in instruction No. 5.

4. Adverse possession within the meaning of instruction No. 3 is an actual adverse possession manifested by some act or fact sufficient to indicate to others that defendant had in fact the possession, and that the ousted claimant had been dispossessed.

5. If you believe from the evidence that the defendant, J. J. Neal, occupied the lands in controversy either under a written or oral contract by which he agreed to hold the lands as the tenant of plaintiffs' predecessor in title, Louise D. VanWinkle, then defendant's possession

thereof was not adverse to plaintiffs, and you can not find for him either under instruction No. 2 or instruction No. 3.

6. Nine or more of your number may return a verdict, but if less than twelve make a verdict, all who agree to it must sign it.

Judgment reversed and cause remanded for new trial consistent with this opinion.