## Wilson v. Caughlin.

(Decided February 27, 1920.)

### Appeal from Carlisle Circuit Court.

1. Appeal and Error—Mandate—New Trial.—Where a mandate of the appellate court issued pursuant to an opinion on a former appeal was not filed in the lower court, but the parties entered into a second trial without objection, and the trial proceeded to a judgment, motion for a new trial was made and overruled, the parties will be held to have waived the filing of the mandate.

2. Appeal and Error—Mandate—Second Trial.—Where the records of the appellate court show that the mandate was issued it should have been filed before a retrial, but the parties having, without objection, entered into a second trial, which proceeded to judgment, it is too late to complain of the alleged error for the first time in this court.

3. Adverse Possession—Trial—Instructions.—It is preferable in an instruction defining adverse possession to use the words "actual, open, notorious, continuous, adverse and peaceable," but a failure to include the word "peaceable" is not fatal to the instruction, especially where in a former opinion it was held that defendant was in possession of the land involved and the evidence failed to show plaintiff was in the actual possession of any part of the boundary.

4. Appeal and Error—Law of the Case.—The opinion of the court on the first appeal is binding on the parties, the courts and of subsequent proceedings as to issues upon which the evidence is substantially the same.

JOHN E. KANE for appellant.

JESSE F. NICHOLS and W. J. WEBB for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

The facts leading up to this suit will be found in the first opinion in 167 Ky. 35, 180 S. W. 40.

Appellant (plaintiff below) is seeking the recovery of a tract of 66½ acres, on an island in the Mississippi river, judgment in appellant's favor as to a tract of 200 acres having been affirmed in the former opinion. On the first trial the judgment favored the appellant, but upon appeal the judgment was reversed and on the second trial the defendant was successful.

The first ground for reversal is the failure of appellee (appellant in the former case) to file the mandate of this court.

It is provided by section 761 of the Civil Code that where the judgment is reversed the mandate should be filed in the clerk's office of the lower court. The failure so to do was error, but in the instant case void of any serious results. No error is available in court proceedings unless prejudicial. This is fundamental, and where, as here, the parties proceeded without objection and the judgment of this court was followed in the retrial, the error is not such under the circumstances of this case as can now be taken advantage of upon appeal. Courts are established for the administration of justice. Technicalities are not regarded with the same seriousness as formerly, and seldom will they be allowed to interfere with the justice of a cause.

In Smith v. Commonwealth, 148 Ky. 60, 146 S. W. 4, referring to instructions in a death case, it is said:

"If, in a reasonably intelligible way to a reasonably intelligent mind, the court has given the whole law in a criminal trial, we will not reverse for narrow, technical, or linguistic complaints."

The lower court would have been without authority to proceed further in this case but for the judgment of this court reversing the judgment and remanding for a new trial. The official mode of communicating the judgment of this court to the lower court is through the office of a mandate. The reversal is evidenced by the production and filing of the mandate, and if an objection is made the court can not enter upon a retrial until the mandate is filed. In the present case the parties proceeded without objection; trial was had; judgment entered; motion

for new trial made and overruled and now for the first time it is urged that the proceedings were erroneous. The complaint comes too late; reversal on the first appeal carried with it instructions for a new trial, and the records of this court show that a mandate was issued. It should have been filed, but having entered into a second trial without it, the parties will be held to have waived the filing of the mandate. See Foster, et al. v. Jordan, 54 Miss. 509; Wharton v. State, 63 Neb. 34; Courtney v. Minneapolis, St. P., S., St. M. Ry. Co., 100 Minn. 434; Gerard v. Gateau, 15 Ill. App. 520; Brooks v. Brooks, 16 S. C. 621; 4 C. J. 1208, 1210.

It is urged that instruction one, given by the court was erroneous in that in defining the character of possession it omitted the word "peaceable." It is true, as said in LeMoyne v. Neal, 158 Ky. 316, 164 S. W. 964, that it is preferable to use the sterotyped expression, "actual, open, notorious, continuous, adverse and peaceable possession," but the failure to include the word "peaceable" is not fatal to the instruction.

Instructions similar to that given by the court, and now complained of, have been repeatedly sustained by this court. See Ky. Coal & Timber Development Co. v. Carroll Hardwood Lumber Co., et al., 154 Ky. 523, 157 S. W. 1109. Besides it was said in the first opinion in this case that "The evidence on the trial below fails to show that the appellee was in the actual possession of any part of the boundary of the land to which he held title, and which embraced the 66½ acres, while appellant was in possession of it."

It is said that instruction No. 3 was erroneous in that it did not give a proper definition of adverse possession. The instruction is as follows:

"The court further instructs the jury that adverse possession, as used in these instructions, means actual entry upon the land in controversy, by residence thereon or enclosure thereon or some portion of same with the intention to possess and hold the entire tract as against all other persons, but occasional entries for the purpose of cutting timber or the paying of taxes is not adverse possession within the meaning of the law."

It is doubtful if it would be possible to find two instructions defining adverse possession couched in the same language, but the instruction as given by the court

is substantially the same as that found in LeMoyne v. Neal, *supra*. We find nothing prejudicial or erroneous about it. It seems to have been copied from Hobson, etc., on Instructions, section 238, sec. b.

Complaint is made because of the failure of the lower court to give instructions four and five tendered by the appellant. But these instructions contain the very vice condemned by the court in the first opinion, and which in reality necessitated the reversal. The court did not err in refusing to give these instructions.

The other question relied upon is as to the sufficiency of the evidence to support the verdict, which is but a re-argument of the question raised and decided on the first appeal.

The opinion of the court on the first appeal is binding on the parties, the courts and of subsequent proceedings as to issues upon which the evidence is substantially the same. There is little, if any, difference in the evidence on the two trials. In the former opinion it is said that the evidence offered by Caughlin tended to prove that he and those under whom he claimed title had had the adverse possession of the tract involved for fifteen years before the commencement of the action and for that reason he was the owner thereof; that there was a conflict in the evidence and the issue was one for the jury.

With evidence not essentially different from that given on the first trial, the jury to whom the case was submitted under proper instructions rendered a verdict in appellee's favor.

Finding no error or grounds justifying or authorizing a reversal the judgment appealed from will be affirmed. Judge Thomas not sitting.