## Johnson v. Dobson.

(Decided March 17, 1925.)

### Appeal from Fulton Circuit Court.

1. Adverse Possession—Plaintiff Held to have Acquired Title to Strip Adjoining Lot by Adverse Possession.—Evidence held to sustain finding that plaintiff had acquired title to strip of land

adjoining his lot by open, continuous, and adverse possession of those under whom he claimed for about 40 years.

2. Adverse Possession—Plaintiff's Predecessor in Title Held Not Deprived by Deed from Claiming Strip of Land Inclosed Within Fence.—Plaintiff's predecessor in title was not deprived from claiming under deed strip of land inclosed within fence, though her deed did not cover it, where she thought her deed covered all and meant to and did claim and hold strip as a matter of right for more than 30 years.

B. T. DAVIS for appellant.

R. O. HESTER and C. P. MAYBRY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The parties to this appeal are in a controversy over the ownership and possession of a plot of ground 8 feet wide and 66 feet long, lying at the rear of lot 88 and lot 73 in Old Hickman, as laid out and plotted many years ago. Lot 88 faces on Carroll street 66 feet, and originally ran back only 99 feet. At its rear, in the same block and facing on Moulten street lays lot 73, facing 66 feet on Moulten street, and originally ran back 99 feet to the rear of lot 88.

In 1884 lots 73, 74 and 87, which adjoin lot 88 upon two sides, belonged to one person while lot 88 belonged to another. About that time the owner of lot 88 erected a fence around his lot. Instead of putting it upon the line at the rear between lots 88 and 73, the fence was placed 8 feet over on lot 73, thus making lot 88, 107 feet deep and leaving lot 73 only 91 feet in depth. In November, 1885, the owner of lot 88 conveyed it by deed to Mrs. Biddy Amberg and she took actual possession of all of it as fenced and lived on it for a number of years. The fence at that time was located as above stated, the whole lot being enclosed. At the rear of lot 88 and standing partly on the original lot and partly on the 8 feet taken from lot 73, stood a barn. This building continued there throughout the years from 1885 until the commencement of this action, a short time ago. The fence erected in 1884 enclosing lot 88 and part of lot 73 continued intact until about the same time. Mrs. Biddy Amberg, who purchased lot 88 in the year 1885, and held and claimed all the land within the fence, believing it to be hers, is one of the predecessors in title of appellee Dobson. There

was no dispute about the line at the rear of the lot while she held it. She did not know the number of feet but she claimed the lot to the rear fence. Everything went well until appellant Johnson bought lots 73, 74 and 87, adjoining lot 88. He immediately began to claim lot 73 to be 99 feet deep and to assert that the fence at the rear of that lot and of lot 88 was 8 feet over on lot 73, and to ask that it be moved back to the old line. In the meantime Mrs. Biddy Amberg sold and transferred lot 88 as then held by her to appellee, Dobson, and put him in possession of it. She held it to the fencing continuously for more than thirty years. Over the protest of Dobson the fence at the rear of lot 88 was moved by appellant Johnson from where it had stood for more than thirty years back to the original line, 99 feet from Carroll street and 99 feet from Moulten street. This action on the part of Johnson precipitated this litigation, Dobson instituting in the Fulton circuit court an action to recover the 8-foot strip of land to which we have referred and to remove the cloud from his title to the 8-foot strip, caused by the claim of appellant Johnson. Before bringing the action appellee, Dobson, on July 7, 1923, gave appellant, Johnson, written notice to remove the fence and replace it where it had stood for so many years. This Johnson refused to do. Appellee, Dobson, made Mrs. Biddy Amberg, his immediate grantor, and appellant, Goalder Johnson, parties defendant. She answered and averred that she had conveyed the whole of lot 88 to appellee Dobson and thereupon tendered him an amended deed describing the lot according to the fenced boundary, which made it 66 feet wide and 107 feet deep, while the original deed described it only as lot 88, without setting out its dimensions.

Appellant Johnson filed answer and admitted that appellee Dobson was the owner of lot 88, but denied it was 107 feet deep; averred it was only 99 feet deep, and that appellant was the owner of lot 73 and that it was 99 feet deep. He also averred that the possession under which Mrs. Amberg held lot 88 and which she conveyed to appellee, Dobson, was amicable as to the 8-foot strip. Appellant denied that appellee, Dobson, and his predecessors had been in the open, actual and adverse possession of the 8-foot strip for a period sufficient to vest in appellee title by adverse possession. He further pleaded in a separate paragraph that at the time he purchased lot 73

shortly before the commencement of this action he spoke to appellee, Dobson, about the overlapping of lot 88 on to lot 73, and asked that the fence be set back in its proper place on the original line, and that appellee Dobson agreed that this might be done, and set up stakes on the old line to which the fence was to be moved; that following this appellant did remove this fence to the true line. All this he pleaded in estoppel of appellee's right to a removal of the fence to its old location. A reply made up the issues. Appellee, Dobson, denied he had made agreement with Johnson by which the fence was to be removed. Our law of title, by adverse possession to land, is so well settled under our statutes and rulings of this court that we need devote no space to a discussion of it, but give our time to an examination of the facts as disclosed by the record.

The evidence for appellee, Dobson, proves beyond question that he and those under whom he claims have been in the open, actual and continuous adverse possession of the 8-foot strip at the rear of lot 88 for about forty years next before the commencement of this action; that it was all enclosed under one fence and was used as a single lot; that the barn on lot 88 stood partly on the 8-foot strip now in controversy, and partly on the original lot 88; that no one ever questioned the title of appellee, Dobson, or his predecessors in title to the 8-foot strip until appellant Johnson purchased lot 73 in 1923.

Mrs. Amberg bought lot 88 in the year 1885. She testified she was eighty-four years of age, and that she purchased lot 88 thirty-seven or thirty-eight years before she testified, and that the fence at the rear of that lot then stood at the point where appellee, Dobson, now contends it should be placed and from which place appellant, Johnson, removed it a short time before the suit was commenced. Other testimony supports her on these points.

While there is some evidence that the original possession by the owner of lot 88 of the strip in question was amicable and with the permission of owner of lot No. 73, there was ample evidence to justify the trial court in ruling as it did, that the 8-foot strip by reason of the open, continuous, adverse possession by the owner of lot 88 for so great a length of time, was the property of appellee, Dobson. We do not think the mere fact that appellee Dobson and his predecessors in title held under a deed describing lot 88 by number only, militates against

the trial court's decree.   True the deed described a lot only 66 feet by 99 feet, but Mrs. Amberg acquired title to the 8-foot strip in controversy by a continuous adverse holding.   She was not estopped by her deed from claiming all of the ground inside the fence.   She thought her deed covered it all.   She meant to and did claim it and held it as a matter of right for more than thirty years. Believing herself the true owner of the whole of the lot as fenced she sold and conveyed it to appellee Dobson. At that time she was the exclusive owner of all the land within the fenced boundary and had a right to convey it to appellee Dobson.

The evidence offered by appellant Johnson to support the averments of his answer to the effect that the original possession of the 8-foot strip by the owner of lot No. 88 was permissive is not satisfactory in view of the surrounding facts and circumstances.   Much less satisfactory is the evidence offered by him in support of his claim made at the time and immediately before he purchased lot 73 to the effect that appellee, Dobson, agreed for the fence to be removed from where it had stood for so many years to the old line between lots 88 and 73.   Appellee, Dobson, denies such an agreement was made and denies acquiescence in such change of the fence, but insists he asserted he was the owner of the lot within the old fenced boundary.   We are of opinion that the trial court arrived at the proper conclusion when it adjudged appellee Dobson the true owner of the 8-foot strip in controversy.

Judgment affirmed.