## Lay v. Commonwealth.

(Decided December 10, 1926.)

### Appeal from Whitley Circuit Court.

1. Criminal Law—Defendant Being Tried Second Time was Bound to Call Attention to Failure to File Mandate of Appellate Court Allowing Second Trial.—If defendant was tried a second time without mandate from appellate court allowing second trial being filed, he should have called trial court's attention to the matter.

2. Criminal Law—Failure to File Mandate of Appellate Court Allowing New Trial Must Affirmatively Appear to be Basis for Claim of Error in Second Trial.—Trial of defendant a second time without filing mandate of appellate court granting second trial, when alleged as error, must affirmatively appear from the record; every presumption being in favor of decision of trial court.

3. Criminal Law—After Appellate Court's Judgment Granting New Trial Became Final and its Mandate Issued, Trial Court has Jurisdiction, and Failure to File Mandate would Not Affect Subsequent Proceedings.—When judgment of appellate court granting new trial became final and its mandate issued, trial court had jurisdiction, and failure to file mandate would be a mere irregularity not affecting validity of subsequent proceedings.

4. Criminal Law—Error in Admitting Testimony in Rebuttal, which was Substantive Evidence, Held Harmless.—Admitting statements of defendant contrary to his denial thereof which were substantive evidence in rebuttal evidence and which should have been introduced in chief held harmless error, court having discretion to admit testimony out of regular order.

5. Criminal Law—Failure to Admonish Jury of Purpose for which Evidence which was Substantive as Well as Impeaching was Admitted Held Not Error.—Failure to admonish jury of purpose for which evidence was submitted in rebuttal held not error, where evidence was substantive and not introduced solely to contradict defendant.

6. Criminal Law—Misconduct of Attorney Assisting Commonwealth is Not Available as Error on Appeal, when Not in Bill of Exceptions.—Alleged misconduct of attorney employed to assist Commonwealth, not embodied in bill of exceptions, is not available as error on appeal.

7. Criminal Law—When Not Made Ground for New Trial, Misconduct in Examining Witnesses Cannot be Considered by Reviewing

Court.—Misconduct of attorney assisting Commonwealth during examination of witnesses cannot be considered by reviewing court, when not made part of grounds for new trial.

8.   Criminal Law—Conviction is Not to be Reversed Because Jury Believed One Set of Witnesses Rather than Another.—Court of Appeals cannot reverse conviction merely because jury believed one set of witnesses rather than another.

HENRY C. GILLIS, J. C. BIRD, B. B. SNYDER and STEPHENS & STEELY for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellant, whom we shall refer to as the defendant, seeks by this appeal to reverse a judgment imposing upon him seven years' confinement in the penitentiary for manslaughter. We shall make no special statement of the facts as this is a second appeal and the facts will appear in Lay v. Com., 186 Ky. 163, 216 S. W. 123. The defendant was first convicted in July, 1919; his motion for a new trial was overruled, and he appealed to this court. We reversed the judgment, awarded him a new trial, and issued a mandate to that effect. The trial court has given him a new trial, and the defendant now says this was erroneously done, without the mandate being filed with the trial court. However, it does not affirmatively appear from the record defendant has brought us that this happened. The partial record he has brought us is silent upon the matter. We are not permitted to guess at what happened. If the court did try the defendant without the mandate being filed, he should have called the trial court's attention to the matter, and given that court an opportunity to get its record right.

"Every presumption is in favor of the decision of the trial court, and in order to warrant a reversal, error must affirmatively appear from the record." Oakes v. Oakes, 204 Ky. 298, 264 S. W. 752.

At all events, defendant can not complain, for he was asking for a new trial and that is what he got. It may be said the trial court had no jurisdiction of this matter after the appeal was taken, and that the defendant can not, by submitting to trial, confer jurisdiction. That is true, but when this court's judgment became final and our mandate issued, that gave the trial court jurisdic-

tion, and the failure to file the mandate, if it was not filed, was a mere irregularity not affecting the validity of subsequent proceedings. See Judson v. Gray, 17 How. Pr. (N. Y.) 289; Brooks v. Brooks, 16 S. C. 621.

In the opinion in the case of Foster v. Jordan, 54 Miss. 509, we find:

"This case having been heretofore in this court and reversed, the mandate certifying that fact to the lower court was issued February 6, 1877, but seems not to have been filed in the lower court until after the second trial, from which the present writ of error is prosecuted. It is therefore insisted that the circuit court of Clay county was without jurisdiction at the time of the second trial, because it had no mandate from this court permitting it to proceed with the case, which, so far as that court knew, was still undetermined in this.

"This is an erroneous conception of the province of the mandate. It is the judgment of this court reversing and remanding a case which gives the lower court authority to enter upon a new trial. The mandate is the official mode of communicating that judgment to the inferior tribunal. The production of the mandate is the best evidence of the fact of reversal; and if objection was made in the lower court, a second trial could not be gone into until the mandate was filed. But in this case the second trial took place without objection, and it is in this court that the objection is made for the first time that the circuit court had no jurisdiction. This is too late. Our own records show a reversal and issuance of a mandate two months before the second trial in the lower court; and the parties, by going into that trial without objection, must be held to have waived the filing of the mandate."

See also what we said in Wilson v. Caughlin, 187 Ky. 221, 218 S. W. 1010.

The court permitted the Commonwealth, over defendant's objection, in its rebuttal evidence, to show by Mrs. Wender, a threat made by the defendant, and to show by Dillard Bryant that shortly after the killing, the defendant said in words or substance, "Believe me, he is dead." When the defendant was on the stand, he was asked if he had said these things. He answered

"No," and these witnesses were then called to contradict him. This was substantive evidence, and should have been introduced in chief, still we do not, in this case, regard its introduction in rebuttal as prejudicial error.

"The trial court has a discretion, exercised fairly and reasonably, to admit testimony out of the regular order, when the events of the trial, as they arise from hour to hour, would otherwise result in a miscarriage of justice. Truax v. Com., 149 Ky. 699, 149 S. W. 1033. 'In general, such discretionary variations should be liberally dealt with; for nothing can be more irrational or unjust than to apply the judicial lash of a new trial to errors of trivial importance.'" Bennett v. Com., 150 Ky. 604, 150 S. W. 806; 43 L. R. A. (N. S.) 419.

He is also complaining because the court did not admonish the jury of the purpose for which the evidence of Mrs. Wender and Bryant was admitted. There was no need for an admonition as this was substantive evidence. It was not introduced solely for the purpose of contradicting the defendant as a witness, but as substantive evidence to establish his guilt.

Defendant filed his affidavit setting out certain alleged misconduct of the attorney employed to assist the Commonwealth. This was not embodied in the bill of exceptions, hence is not available. See Hopkins v. Com., 210 Ky. 378, 275 S. W. 881.

He is complaining in his brief, of misconduct of this same attorney in the examination of the witnesses during the trial, and we must say this conduct was improper, but as the defendant did not make it a part of his grounds for a new trial we can not consider it.

The evidence for the defendant, if believed, would make this a homicide committed in self-defense, yet the evidence of the Commonwealth's witnesses, makes this homicide look very much like it was malicious and inexcusable. From their evidence it appears that the defendant was armed and was looking for the deceased, while the latter was unarmed and endeavoring to avoid the defendant. We can not reverse a judgment merely because the jury believed one set of witnesses rather than another. Milburn v. Com., 204 Ky. 692, 265 S. W. 25.

The judgment is affirmed.