## Castle v. Commonwealth.

(Decided February 22, 1929.)

EDWARD L. ALLEN, A. J. MAY and B. M. JAMES for appellant.

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY— Affirming.

The appellant, Ark Castle, and one Frank Prater, were indicted in the Floyd circuit court, charged with the murder of Dan Shepherd. Upon the calling of the case for trial, a severance was granted, and the commonwealth elected to try appellant first. He was convicted, and his punishment fixed at confinement in the penitentiary for life.

Upon this appeal he complains (1) of the admission of incompetent testimony; (2) error of the court in refusing to permit a witness to testify; and (3) error in the instructions.

In his brief, counsel for appellant says: "There was ample testimony to justify the submission of this case to the jury, and to sustain their verdict." It will not, therefore, be necessary in this opinion to recite the facts, except such as may be pertinent in disposing of the grounds urged for reversal.

1. The incompetent testimony complained of is:

(a) That Grace Sheppard, widow of the decedent, was asked: "How came you to leave home," to which appellant's objection was overruled, and she answered "Morgan Castle run us off;" and she was then asked, "Was Ark there? and she answered, "No he wasn't there." The complaint as to this testimony is that the court only admonished the jury not to consider what Morgan Castle *said*. However, the record discloses that the court not only told the jury not to consider what Morgan Castle said, but gave this further admonition: "The jury will not consider any of that." The witness did not state anything that Morgan Castle said. She merely stated that Morgan had run her and her mother off, and, following that answer, the court gave the admonition quoted. This admonition of the court was

amply sufficient, and it must be presumed on this appeal that the jury gave heed to it, and that no prejudice to defendant resulted therefrom. Rowlett v. Commonwealth, 222 Ky. 700, 2 S. W. (2d) 378.

(b) It is also insisted that the testimony of Grace Shepherd, to the effect that appellant and her mother, Kate Castle, had had some trouble over certain personal property left by the father of Ark Castle and husband of Kate Castle at his death, was incompetent. It is the theory of the commonwealth that the killing of Dan Shepherd, husband of Grace Shepherd, and son-in-law of Kate Castle, grew out of that trouble between Ark Castle and Kate Castle. Kate Castle was shot in the same difficulty in which Dan Shepherd was killed, and the testimony for the commonwealth conduces to show that appellant shot her, while he and his codefendant, Prater, say that Dan Shepherd shot her. It was competent, therefore, under appellee's theory of the case, to show the previous trouble between appellant and Kate Castle as motive for his acts and conduct leading up to the killing of Dan Shepherd and wounding of Kate Castle. Appellant himself testified concerning this previous trouble between himself and Kate Castle, and gave the jury his version of it. The court did not err in permitting such testimony to be given.

(c) It is next urged that the court erred in permitting certain incompetent evidence to be introduced in rebuttal; or that, if such evidence was competent, the court erred in failing to admonish the jury "as to the effect of such testimony." Frank Prater, while testifying for appellant, stated that, when appellant shot Dan Shepherd, Shepherd fell off the porch, and Shepherd's pistol dropped to the porch floor; and Morgan Castle, a brother of appellant, testified that, when he reached the scene of the killing a few minutes after it occurred, he went in the room of Kate Castle to get a quilt or blanket with which to carry her to a neighbor's house, and there saw lying on her bed a 38 special pistol with four loads and two empty chambers. It was shown that the only persons present at the time of the killing were appellant and Frank Prater, Kate Castle, Grace Shepherd, and Dan Shepherd, the decedent, and that, when Morgan Castle reached the scene, only those persons and Sarah Jane Hicks, Newt Hicks, and J. B. Shepherd were present. The commonwealth introduced Grace Shepherd, Sarah Jane Hicks, Newt Hicks, and J. B. Shepherd to show by

them that there was no pistol lying on the porch floor, and to show also by Grace Shepherd that she didn't pick up a pistol, carry it into the house, or lay it on the bed. It was clearly competent for the commonwealth to meet the testimony of Frank Prater and Morgan Castle with regard to the pistol, and it could only do so by rebuttal testimony. All the testimony of the commonwealth in chief had shown that Dan Shepherd did not have a pistol at the time of the killing, and was in fact unarmed. We are unable to perceive what "admonition" appellant's counsel has in mind, and which he says should have been given to the jury. He does not, in his brief, say what that admonition should have been. Inasmuch, however, as this was substantive testimony, no admonition was required. Lay v. Commonwealth, 217 Ky. 99, 288 S. W. 1047; Baker v. Commonwealth, 210 Ky. 524, 276 S. W. 550.

2. It is next urged that the court erred in refusing to permit a witness, Henry Rowe, offered by appellant, to testify. The facts in this connection, as disclosed by the record, are that the trial was completed late in the afternoon, and that "plaintiff and defendant both announced through with their evidence." The case went over until the next day on account of there not being time to complete the same. When court convened the next morning, appellant's counsel asked permission of the court to introduce Henry Rowe as a witness, stating that he was a witness for whom an attachment had been issued at the time the trial started, and who had just been brought in; that he desired to show by that witness that, a few days before the killing of Dan Shepherd, the witness met Dan Shepherd in the community where he lived, and that Shepherd then had in his possession a 38 special pistol, which he offered to swap to the witness. The court refused to reopen the case and permit the witness to testify on the ground that the witness was not one of the witnesses for whom an attachment had issued.

Appellant and three or four others of his witnesses had testified that the decedent, Dan Shepherd, owned a 38 special pistol, and was in the habit of carrying pistols.

Reopening a case, after both sides have announced through, is a matter which addresses itself to the sound discretion of the court. In view of the fact that the offered testimony was cumulative, the court committed no error in refusing to reopen the case and permit the witness to testify. Vicaro v. Commonwealth, 5 Dana, 504;

Barclay v. Commonwealth, 116 Ky. 275, 76 S. W. 4, 25 Ky. Law Rep. 463.

3. Lastly, it is insisted that the error in the instructions alone is sufficient to entitle the appellant to a reversal of this case. The court gave to the jury four instructions, the third of which reads as follows: "If you shall believe from the evidence that at the time the defendant shot Dan Shepherd, if he did so, he believed and had reasonable grounds to believe that he was then and there in danger of death or the infliction of some great bodily harm at the hands of the said Dan Shepherd, and that it was necessary or was believed by the defendant, in the exercise of a reasonable judgment to be necessary, to shoot the deceased in order to avert that danger, real or to the defendant apparent, then you should acquit the defendant upon the grounds of self defense or apparent necessity."

The complaint directed to this instruction is in its failure to say to the jury that appellant had the right not only to shoot in defense of himself, but also in the defense of his codefendant, Frank Prater. The fallacy of this contention will be apparent upon consideration of the testimony heard on the trial of this case. There is not a word of testimony in this record that Frank Prater had taken any part whatever in the conversation between appellant and Kate Castle before the killing, or that a single word had been said between him and Kate Castle or the decedent, Dan Shepherd, or appellant, at the time of the killing, or that decedent was attempting to shoot or otherwise harm Frank Prater. Appellant's testimony shows clearly that the shots, which he claims the decedent fired, were aimed at him, and that he shot the decedent solely and alone because he thought the decedent was trying to kill him. There is no intimation in his testimony that decedent attempted at any time, or in any manner, to shoot or otherwise harm Frank Prater. In the case of Kindrick v. Commonwealth, 226 Ky. 144, 10 S. W. (2d) 639, where the precise question was raised, we said:

"But it is seriously contended that the self-defense instruction was and is erroneous because it did not submit appellant's right to shoot or kill deceased in defense of his brother, Roe Kindrick, but only excused him for so doing in defense of himself; and in support of this contention a number of cases from this court are cited, wherein, under the facts

contained in them, it was held error for the instruction to not submit defendant's right to commit the homicide in defense of another, as well as in defense of himself. In making this contention, counsel seem to overlook the fact that all instructions, both in criminal and civil cases, are based upon some evidence in the record as a foundation for them. Barnes v. Commonwealth, 179 Ky. 725, 201 S. W. 318; Grau v. Commonwealth, 185 Ky. 111, 214 S. W. 916.

"In the cases relied on by counsel, there was substantial evidence that the third person was in danger of death or great bodily harm at the hands of the deceased, and which gave the defendant the right to take such action as the third person might take under the circumstances, and in doing so he would be excused from the consequences of his act on the ground of defense of another. In this case, as we have seen, Roe Kindrick at the time of the shooting was in neither actual nor threatened danger at the hands of the deceased. The latter was not even advancing towards him, but rather going from him, and appellant, in giving his testimony, did not pretend to justify his shooting of the deceased, except in defense of himself. The record being in the condition indicated, the court did not err in failing to include in its self-defense instruction defendant's right to commit the homicide in defense of his brother."

To the same effect is the case of Milburn v. Commonwealth, 223 Ky. 188, 3 S. W. (2d) 204.

Finding no error prejudicial to the substantial rights of the appellant, the judgment is affirmed.