## Slavin v. Commonwealth.

(Decided May 17, 1929.)

H. W. CLINE for appellant.

J. W. CAMMACK, ¡Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY-- Affirming.

Dilman Slavin was convicted in the McCreary circuit court of the crime of manslaughter and sentenced to the penitentiary for two years. To reverse the judgment against him, he insists, first, that the verdict is against the evidence, and second, that the instructions are er-roneous.

About 20 or 30 minutes before the killing, appellant and the deceased, Earl Davenport, met at a coal tipple a short distance from appellant's house at a mining camp called Fidelity in McCreary county. Davenport was rid-ing a horse, and as he came up to appellant, the latter asked him for a drink of liquor, and Davenport replied that he had no liquor but did have some home-brew. Ap-pellant then proposed to buy Davenport's horse, which the latter declined to sell, and after some further con-versation appellant climbed on the horse behind deceased and they went to the former's home, where a few min-utes later the killing occurred. No one saw the killing except a 16 year old boy who lived near by and whose sister is the wife of appellant. This boy says he heard a "scuffle" in appellant's home, looked from his home into a room of appellant's house, and there saw him and de-ceased standing within two or three feet of the door; ap-pellant had a gun, and deceased had his hand in his bosom, and in a few seconds after he looked the gun fired. Davenport went down the steps leading from that door to the ground, and then "pitched over." He heard no conversation whatever between them.

The commonwealth's theory is that the killing grew out of a drunken brawl between appellant and deceased and occurred after deceased was outside the house. It was shown by two witnesses, who were some distance away but in sight of the house, that each of them heard the shot, looked toward appellant's house, saw deceased fall to the ground, and that appellant was standing in the door with a shotgun in his hand; that they immediately went to the house; deceased was lying in the yard with his head down the hill, his feet near to and about three feet from the steps leading to the door; that there were no powder burns on the body or clothing of the deceased.

Appellant testified that after he and deceased reached his house, the latter directed him to open the home-brew, which deceased had with him, and when he had done so deceased pressed a pistol against his head and said, "Drink or die," and he replied he would get a drink of water first and went into the kitchen; that deceased followed him, and they got into a scuffle in which deceased knocked him down and knocked his wife down also; he then stepped to his bedroom, procured a single-barrel shotgun, and that deceased grabbed it and undertook to take it from him; that they scuffled over the gun to near the door leading outside, and deceased then said: "If I can't take your gun and kill you, I will shoot you with mine." And (quoting from appellant's testimony) "he then put his hand in his pocket to get his gun and I seen it was my only chance and I shot him to save my life."

If appellant's testimony is true, he made out a case of self-defense; but there was enough testimony on behalf of the commonwealth to take the case to the jury. In such state of case it is the jury, and not this court, whose province it is to determine guilt or innocence under proper instructions and competent evidence. In this respect we are limited to the ascertainment from the record whether there is any evidence from which, if believed, the jury could find a verdict of guilt under the law as defined in the instructions. A verdict so found cannot be set aside unless so palpably against the evidence as to induce the belief that it is the result of passion or prejudice. Dalton v. Commonwealth, 216 Ky. 317, 287 S. W. 898; Winchester v. Commonwealth, 210 Ky. 685, 276 S. W. 575; Deaton v. Commonwealth, 211 Ky. 651, 277 S. W. 1001. That is not the case here.

The error in instructions complained of is that appellant was entitled to an instruction on the right to defend his home and family. Appellant testified that his wife was knocked down by deceased during the scuffle between him and the deceased. The instructions given embraced his right to defend his wife as well as himself. There was no evidence of any assault upon any other member of his family nor upon his home. Deceased was in the home at appellant's invitation, or at least by his acquiescence. It is a well-settled rule that an instruction should not be given upon a theory that is without evidence to sustain it. Gamble v. Commonwealth, 151 Ky. 372, 151 S. W. 924; Kindrick v. Commonwealth, 226 Ky. 144, 10 S. W. (2d) 639; Castle v. Commonwealth, 228 Ky. 151, 14 S. W. (2d) 387.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.