## Stevens v. Fike.

April 16, 1940.

As Modified on Denial of Rehearing Nov. 6, 1940.

Charles L. Seale, Judge.

Hugh Riddell for appellant.

Clarence Miller and Ben H. Scott for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

This is an action for trespass involving title to 23 acres of mountainous land.

The plaintiff, G. D. Stevens, showed record title to a tract of approximately 50 acres which embraced the 23 acres in controversy running back to 1910, but he relied on adverse possession. The defendant, James Fike, also showed record title and denied the plaintiff's adverse possession. The 23 acres composed the south part of the 50 acre tract. There was once a dwelling on the north 27 acres, occupied by the plaintiff's predecessor, and perhaps a tenant. It burned twelve years or more ago. The plaintiff's evidence tended to show that the 23 acres were used as a part of the close. There was never any house on it. For many years the plaintiff lived on his farm adjacent to the 27 acres, and 23-acre part. His evidence tended to establish the enclosure, occupancy and use as a matter of right of the involved parcel in connection with his farm and the 27 acres. The defendant's evidence tended to prove otherwise. The evidence is confusing in material respects because of references to the map as "here" or "over here" without identification thereon. The conflict authorized the submission to the jury of the question of adverse possession.

The first instruction submitted in the usual form the question of whether the plaintiff had had the actual adverse possession of the parcel. The second instruction, which followed substantially one offered by the plaintiff, advised the jury "that the actual possession depends on actually living on the land, but if the boundary claimed by the plaintiff was well defined, as set out in instruction No. 1, and adjoined and was annexed to his other land and used by him as part of his property and farm; that his possession extended to the limits of his defined claim." The third instruction was the con-

verse of the first. The fourth instruction was as follows:

"The court instructs the jury that adverse posses-sion means actual entry upon land by residence thereon, which possession must be to a well marked and defined boundary of the tract upon which said actual entry is made, with intention to possess and hold the entire tract as against all other persons, and said possession must be actual, continuous, peaceful, open, notorious and uninterrupted, and must be held and claimed by plaintiff against all others for fifteen years next before the commence-ment of the action."

It is to be observed that this instruction omitted the principle or condition that adverse possession sufficient to vest title may be by residence on adjacent land if the occupancy and use of it was extended to a well defined boundary embracing the land in controversy. Johnson v. Dobson, 208 Ky. 401, 270 S. W. 815; Wallace v. Neal, 227 Ky. 30, 11 S. W. (2d) 1002. As indicated above, it was not claimed by the plaintiff that he or his predeces-sor had possessed the involved parcel by actual resi-dence thereon. It was only through extension of the land upon which he and they had resided and exercising such positive acts of dominion and ownership over the parcel as are usually and customarily exercised by abso-lute and unquestionable owners of lands similarly situ-ated. The condition of actually living upon the parcel included in the second instruction may have been con-fusing but it does submit the plaintiff's right to possess the land adversely by annexation. The fourth instruc-tion nullified the latter element or condition and confined the plaintiff's right to recover only if he had actually re-sided on it—a condition never claimed—and thereby de-prived the plaintiff of any basis for recovery. For this error the judgment must be reversed.

Upon another trial it may be clearer to frame in-struction No. 2, defining actual possession, along the line approved in Wilson v. Caughlin, 187 Ky. 221, 218 S. W. 1010. See also Section 238, Hobson, Blaine & Caldwell on Instructions to Juries.

The judgment is accordingly reversed.