CASE 51.—PROSECUTION AGAINST PERCY HOWERTON FOR
     CARNALLY KNOWING A FEMALE UNDER UNDER
     16 YEARS OF AGE.—September 29.

# Howerton v. Commonwealth

Appeal from Crittenden Circuit Court.

J. F. GORDON, Circuit Judge.

Defendant convicted and appeals—Reversed.

1.  Indictment and Information—Statutory Offenses—Sufficiency.
    —An indictment alleging in the language of the statute the
    statutory offense of carnally knowing a female under the age
    of 16 years is sufficient without alleging a felonious intent.
2.  Same—Charging Felony at Common Law—Sufficiency.—An in-
    dictment charging a felony under the common law must
    charge its commission feloniously or with a felonious intent.
3.  Same—Statutory Offenses—Sufficiency.—An indictment charg-
    ing a statutory crime, defined by the statute itself, in the
    language of the statute, is sufficient without using the words
    "feloniously" or "with felonious intent."
4.  Criminal Law—Continuance—Grounds.—The refusal to grant
    accused a continuance because of illness of counsel was not
    erroneous where it was not made to appear by his affidavit
    that the two attorneys who were present and conducted his
    defense were not equal to the task, especially where such
    attorneys in fact managed the case with skill and fidelity.
5.  Same—Admissions to Prevent Continuance—Conclusiveness—
    Improper Argument of Counsel.—Where the prosecution ad-
    mitted, to avoid a continuance, that an absent witness, if
    present, would testify to facts averred in the affidavit for
    a continuance, it was reversible error for the prosecuting
    attorney to argue that the absent witness, if present, would
    not make the statement shown by the affidavit.
6.  Same.—Where the prosecution admitted, to avoid a continu-
    ance, that an absent witness would, if present, testify to the
    facts as averred in the affidavit for a continuance, the prose-
    cution might contradict the affidavit by other testimony.

7. Same.—Prosecuting attorneys should see that justice is fairly meted out, and that accused is fairly dealt with, and it is not a part of their duty to abuse accused in the hearing of the jury.

8. Rape—Evidence—Admissibility.—Where, on a trial for carnally knowing a female under the age of 16 years, the evidence of the age of the prosecutrix was conflicting, evidence that the monthly sickness of prosecutrix had regularly occurred for five years preceding the offense was admissible to show that prosecutrix was over 16 years of age at the time of the commission of the offense.

R. L. MOORE and J. H. & JOHN A. MOORE for appellant.

## CLASSIFICATION OF QUESTIONS DISCUSSED AND AUTHORITIES.

1. Does an act of the Legislature, providing, "Whoever shall unlawfully carnally know a female under the age of sixteen years, or an idiot, shall be confined in the penitentiary for not less than ten nor more than twenty years," create a purely statutory offense, or is it a continuation of the common-law crime of rape, with a change in the punishment inflicted?

2. Is an indictment for carnally knowing a female under sixteen years of age, fatally defective on demurrer, that fails to aver that the crime was committed with a felonious intent? (Greenleaf on Evidence, vol. 3, p. 180, sec. 211; Fensten v. Commonwealth, 82 Ky., 549; Payne v. Commonwealth, 33 Ky. Law Rep., 229; Hall v. Commonwealth, 26 S. W., 8; Reed v. Commonwealth, 76 S. W., 838.)

3. It is not a reversible error to force appellant into trial over his protests, in the absence of his chief counsel, this being the only attorney familiar with his defense and the one to whom he had intrusted the entire preparation of his defense. (Jett v. Commonwealth, 85 S. W., 1179; Bates v. Commonwealth, 16 S. W., 528; Leslie v. Commonwealth, 42 S. W., 1095; Cornelius, v. Commonwealth, 64 S. W., 412.)

4. Where appellant is forced into trial over his protests and in the absence of his witnesses, upon the agreement, that his affidavit may be read as the deposition of his absent witnesses, is it not a reversible error, to permit the attorney for the Commonwealth, to argue to the jury, that the affidavit is untrue, and argue to the jury the motives that prompted the Commowealth to admit the affidavit, and to tell the jury that if the absen wit-

ness was present he would not swear to the statements made in the affidavit? (Martin v. Commonwealth, 89 S. W., 226; Darrell v. Commonwealth, 82 S. W., 289; 88 S. W., 1080; Redmond ⅴ. Commonwealth, 51 S. W., 565; Johnson v. Commonwealth, 61 S. W., 191.)

JAMES BREATHITT, Attorney General, TOM B. McGREGOR, Assistant Attorney General, and JOHN Y. GRAYOT for Commonwealth.

### COMMONWEALTH'S CONTENTIONS.

1. That section 1155, Kentucky Statutes, as amended by Act of General Assembly, approved March 16, 1906, constitutes a statutory offense purely, and that the word "feloniously" is not required in an indictment under said section.

2. That no reversible error was committed in the court refusing to continue the case on account of the sickness of Attorney R. L. Moore.

3. That no error was committed in permitting Commonwealth's attorney to comment upon the affidavit as to absent witnesses admitted as evidence.

4. No error was committed in permitting the Commonwealth's attorney in his closing remarks to use certain language complained of concerning appellant.

5. That appellant has had a fair and impartial trial and should be satisfied with the judgment against him.

### AUTHORITIES.

Ky. Stats., sec. 1155 (Acts 1906); Robinson's Crim. Pro., sec. 271; Hall v. Commonwealth, 15 Ky. Law Rep., 856; Higgins v. Commonwealth, 14 Ky. Law Rep., 729; Ky. Stats., sec. 1158; Kaelin v. Commonwealth, 844 Ky., 354; Cundiff v. Commonwealth, 86 Ky., 196; Robinson's Crim. Pro., sec. 932; Commonwealth v. Lewis, 11 Ky. Law Rep., 421; Crim. Code., sec. 189; Lindel v. Commonwealth, 111 Ky., 866.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

Appellant was tried in the court below under an indictment charging him with the crime of carnally

knowing a female under the age of 16 years. The jury by verdict found him guilty, and fixed his punishment at confinement in the penitentiary 10 years. Judgment was thereupon entered in accordance with the verdict, and from that judgment this appeal is prosecuted.

Numerous grounds were filed by appellant in the court below in support of his motion for a new trial. The evidence introduced by the Commonwealth conduced to prove appellant's guilt of the crime charged. It was to the effect that he repeatedly and for a period of several months had carnal knowledge of the prosecutrix, an orphan 15 years of age, who had been received by his parents from a Louisville asylum to rear and support, and that the girl was made to yield to his lust through fear superinduced by force, and threats on his part to take her life if she told of his misconduct. This testimony came from the prosecutrix alone, who was contradicted by much of the evidence introduced in appellant's behalf, which tended to show that the charge against him was devised by her as a means of enabling her to leave the home of his parents of which she had apparently tired. It is not our province to pass upon the evidence. In view of our conclusion that appellant should have another trial, we refrain from any expression as to whether or not it was sufficient to authorize his conviction, deeming it only necessary to say that it justified the submission of the case to the jury.

It is insisted for appellant that his demurrer to the indictment should have been sustained because of its failure to allege that the crime charged was committed feloniously or with a felonious intent. The objection is without merit. The crime charged is

purely statutory, and being defined by the statute, and the language of the statute followed by the indictment, an allegation of felonious intent was not essential.   In respect to crimes that are felonious under the common law, the indictment, to be sufficient, must charge their commission feloniously or with a felonious intent, but the rule is different where the crime is purely statutory, and is defined by the statute itself.   In such case the indictment is sufficient if it follows the language of the statute without the use of the term "feloniously" or the words "felonious intent."   Higgins v. Commonwealth, 94 Ky. 54, 21 S. W. 231, 14 Ky. Law Rep. 729; Commonwealth v. Lemon, 37 S. W. 61, 18 Ky. Law Rep. 480; Roberson's Crim. Law, section 392.

We cannot agree with appellant that it was error for the lower court to refuse him a continuance on account of the illness and absence of one of his counsel.   It was not made to appear by his affidavit that the two attorneys who were present and conducted his defense were not equal to the task.   Upon the contrary, the skill and fidelity with which they managed the case throughout the trial demonstrated their ability, and that appellant was not prejudiced by the absence of the third attorney.

We concur, however, in appellant's contention that the court should not have permitted the following language from the Commonwealth's attorney, viz: "That the affidavit as to Clyde Nations and what he would swear if present were untrue, and that he did not believe they were true; but that they [meaning the Commonwealth] were forced to admit the affidavit to get a trial of this case, that they did not want it worn out by continuances, and that they had to admit the affidavit to get a trial, but did not believe Nations

would swear it if he were here." The affidavit in question had been admitted by the Commonwealth's attorney to be read as the deposition of Nations. He had the right to contradict it by other testimony, and thereby show its falsity; but, having admitted that Nations would make the statements attributed to him by the affidavit, if present, he had no right to argue that the witness would not make the statement if present. Such declarations by the Commonwealth's attorney have repeatedly been declared by this court highly improper and prejudicial to the defendant, and because of such conduct reversals have frequently been adjudged. Martin v. Commonwealth, 121 Ky. 332, 89 S. W. 226, 28 Ky. Law Rep. 295; Darrell v. Commonwealth, 88 S. W. 1060, 28 Ky. Law Rep. 27; Redmond v. Commonwealth, 51 S. W. 565, 21 Ky. Law Rep. 331; Johnson v. Commonwealth, 61 S. W. 1005, 22 Ky. Law Rep. 1885; Shepherd v. Commonwealth, 119 Ky. 931, 85 S. W. 191, 26 Ky. Law Rep. 698. Other declarations of a highly inflammatory and abusive character were made by both the Commonwealth and county attorney in argument to the jury, to which appellant at the time also excepted. And, while we would not reverse the judgment for the latter alone, we cannot refrain from saying that the declarations were improper, and should not have been indulged in by counsel or allowed by the court. We do not mean to say that due allowance should not be made, for the indignation counsel for the Commonwealth would naturally feel in conducting a prosecution for a crime as dastardly as that here charged; but they should not forget that it is not a part of their duty to inflict abuse upon a prisoner at the bar in the hearing of the jury, but to see that justice is fairly

meted out, and the defendant fairly dealt with in calling him to account for his crime.

We also think it was error for the court to exclude, as incompetent, the testimony offered by appellant tending to show that the monthly sickness of the prosecutrix had regularly occurred and existed for a period of five years preceding his alleged abuse of her. We think it was competent on the question of her age; for, if it continued more than five years before the commission of the crime, it would tend to show that she was over 16 years of age at that time. While by no means convincing, it would in view of the conflicting evidence as to her age have been a circumstance to the benefit of which appellant was entitled, as it was important for him to show that at the time of his having carnal knowledge of her, if the jury believed he did so, the prosecutrix was over 16 years of age, and therefore of sufficient age to consent.

Other alleged errors are complained of in the briefs of counsel, but, as they seem to have been inadvertently committed, were not very material, and will likely not occur on the next trial, we deem it unnecessary to consider them.

But for the two errors indicated we feel it our duty to reverse the judgment appealed from. It is therefore reversed and remanded, with directions to the lower court to grant appellant a new trial, and for further proceedings consistent with this opinion.