RAWLS *v.* STATE.*

(Division A.   Jan. 28, 1929.)

[120 So. 211.   No. 27347.]

*Corpus Juris-Cyc References: Burglary, 9CJ, section 114, p. 1062, n. 81; Criminal Law, 17CJ, section 3626, p. 287, n. 58; section 3665, p. 324, n. 68; Witnesses, 40Cyc, p. 2467, n. 83; As to necessity of stating whether owner of building was corporation or individual in indictment for burglary, see 4 R. C. L. 434; 4 R. C. L. Supp. 270.

*Currie & Currie,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Argued orally by *N. T. Currie,* for appellant, and *Rufus Creekmore,* Assistant Attorney-General, for the state.

McGowen, J. Rawls, the appellant, and Graves were jointly indicted by the grand jury in the circuit court of Forrest county on a charge of burglary and larceny. Upon a severance being had, Rawls was tried at the same term of court, convicted of burglary, and sentenced to serve a term of four years in the state penitentiary, and from the judgment of the court he prosecutes an appeal here.

On Friday, February 24, 1928, a box car belonging to the Southern Railroad Company, located on a side track of the Northeastern Railroad Company in the city of Hattiesburg, was broken into, and a number of articles, among which were four cases of pickles and a box of dry goods, stolen therefrom.

The evidence for the state shows that the car robbed was "Southern Number 172141," the property of the Southern Railroad Company, at the time of the robbery in the possession of the Northeastern Railroad Company. The car had been closed and sealed by the check clerk of the Gulf & Ship Island Railroad Company, delivered to the Northeastern Railroad Company, and the seals inspected at midnight, and found to be undisturbed On the next morning, however, the car was discovered to have been broken into, the seals removed, and the case of dry goods and pickles, among other things, missing.

Near the tracks of the railroad, there was an old boiler room in which was an old tank about fifteen feet high. A trail led from this car to the boiler room, and on this trail, a short distance from the car, they found a bottle of pickles lying on the ground, and farther on they found

a box of stationery. The officers concealed themselves in the boiler room for the purpose of ascertaining who the parties were who had placed the goods on the tank, and on Saturday evening, about six-thirty or seven o'clock, two men came into the boiler room, struck matches, and walked about the side of the boiler. The defendant was one of the men, and remarked, "I expect we are late. I was to meet the boys here at dusk." With this remark, he struck another match, stepped up on the old oil tank, and said: "I will go up and see what I have left here," at which time he was placed under arrest.

A search warrant was procured for the search of the home of the defendant, and in virtue thereof the officers made a search of his home, and found two cases of pickles under a table with clothes thrown over them, a box of thread and some stationery and other paper in the ice box, and a bolt of cloth under the mattress on a bed, which articles were identified as having been taken from the burglarized car.

The affidavit and search warrant conformed to the provisions of section 1368, Hemingway's 1927 Code, section 1541, Code of 1906.

The defendant interposed a feeble effort to establish an *alibi,* and said he went to the boiler room to get some whisky that one Joe Smith told him was hidden there, and that the goods hidden under the mattress and in the ice box, and otherwise carefully disposed of so as to not attract attention, belonged to Joe Smith, except some articles which defendant himself had purchased from Joe Smith. He and his wife both said that the goods seized by the officers and about which they testified were in his home and in his possession.

The assignment of errors consists of eight typewritten pages, and we will therefore not undertake to include in the decision of this case the entire assignment of errors, but shall notice only those questions which we think deserve notice.

■ Counsel's main proposition for reversal in this case, as disclosed by his objection to testimony in the trial of the case in the court below, and his brief here, copied literally from his brief, is as follows:

"The issue of the existence of these corporations was not merely a collateral issue, but was a direct issue, and the burden of proof upon the state was not satisfied by proof of *de facto* corporation. These issues being direct, and material, the burden was upon the state to prove the *de jure* existence in each and every instance.

The indictment in this case was drawn under and authorized by section 837, Hemingway's 1927 Code, section 1073, Code of 1906, and alleged that the box car burglarized was the property of the Southern Railroad Company, a foreign corporation, and also alleged that the said box car was in the possession of the Northeastern Railroad Company, a corporation, in which were kept goods, etc., for transportation, deposit, and delivery.

Counsel insisted all through the trial, and insists here, that his plea of not guilty in the criminal case had the effect of a plea of *nul tiel* corporation in a civil case, and that it was not sufficient, as was done in this case, for the state to prove that these railroad corporations were known under their several names, and the state did not undertake to prove the charter nor other things, but proved that the railroads were operating in Mississippi, and were generally known as the Southern and Northeastern Railroads. However, this question is settled against appellant in the case of *James* v. *State*, 77 Miss. 370, 26 So. 929, 78 Am. St. Rep. 527, wherein the court said:

"It is certainly settled that it is necessary to allege the ownership of the building burglarized, and to prove it as laid. 3 Enc. Pl. and Prac., p. 758, notes 3, 4; 2 Bish. New Cr. Proc., sec. 137. And, when a corporation is alleged to be the owner, there must be proof of the exist-

ence of the corporation. Id., sec. 138; *Johnson* v. *State,* 73 Ala. 486; *Berry* v. *State,* 92 Ga. 47 (17 S. E. Rep., 1006); and *Norton* v. *State,* 74 Ind., at page 338, are directly in point. Mr. Bishop says (2 New Cr. Proc., p. 71) that 'the *de facto* character of the corporation only need be shown in evidence;' citing authorities. And it is said in *Norton's case, supra,* that it is enough to prove that 'the railroad company was known and acting as a corporation.' "

The *de facto* existence of these corporations was proven, and that sufficiently apprised the defendant of the nature of the accusation against him, and the information that the state acquired that defendant had not taken his own goods. Such *de facto* existence of the corporation was shown to have met every requirement of the law. 4 R. C. L., p. 434, section 26; 9 C. J., p. 1061, section 114; and authorities there cited.

■ Counsel next contends that the case should be reversed because some of the witnesses said this railroad was the Southern *Railroad* Company and some the Southern *Railway* Company. However, this is a trifling variance. *Sanders* v. *State,* 141 Miss. 289, 105 So. 523; 9 C. J. 1061, section 114. If there was a variance, it was immaterial, and was not prejudicial to the defendant on the trial of the case.

Counsel seeks a reversal of the case because the state failed to prove the ownership of the goods stolen, the indictment charging both burglary and larceny, and on the larceny charge it was essential to prove ownership of the goods as alleged in the indictment. However, the court gave an instruction to the jury that the defendant could not be convicted on the larceny charge.

In the case of *Harris* v. *State,* 61 Miss. 304, on the indictment the defendant was indicted and convicted of burglary and larceny, and the indictment further charged that defendant stole the pistol of D. Moses, while the proof showed it was the pistol of Simon Moses, and the court said:

"The fact that the indictment charges an intent in the burglary to steal the property of one man, and the proof shows an actual stealing of the property of another, was wholly immaterial."

In the case of *Brown* v. *State,* 72 Miss. 990, 18 So. 432, the defendant was charged with burglary and larceny, and the indictment alleged that the personal property of J. A. Jones and J. J. Jones was stolen. The only evidence showed that the property belonged to Jones Bros., and on this identical point the court said:

"The indictment might well have been treated as competent by the averment that the burglarious entry was made by the defendant for the purpose of stealing within the building. The averment that, having broken and entered, the appellant then stole the goods of J. A. and J. J. Jones, may be treated as surplusage, the principal offense being proved."

It is unnecessary to delve into the numerous authorities cited by counsel in his brief, where the question has been decided by our own court.

■ Counsel makes some complaint because the witnesses were permitted to refer to a writing without its introduction—a check made of the car from the waybill, but referred to by the witnesses as a waybill and not a bill of lading. Counsel devotes much attention to the failure to introduce the bill of lading. As a matter of fact, the witness merely refreshed his memory by a reference to the waybill or the bill of lading, and it was proper for the court to permit the witness to refer to such memorandum which he had checked, and we do not see how error could be predicated upon the failure to introduce the papers referred to, because the witness swore positively that the goods were in the car, and the car was sealed, and that, after the door had been broken and the seal broken, upon a subsequent check, the goods were not

there. So we do not think there is any merit in this contention.

■ All of counsel's contentions as to inaccuracies, want of description, etc., in the affidavit and search warrant cannot avail him here, for the reason that the testimony delivered by the officers was admitted by defendant to be true, in so far as to what they saw and as to the goods introduced which they had seized by virtue of the search warrant. This being true, no error can be predicated thereon. *Blowe* v. *State,* 130 Miss. 112, 93 So. 577, 24 A. L. R. 1429; *State* v. *Watson,* 133 Miss. 796, 98 So. 241.

Upon the whole record, we think the jury was well warranted in determining that the defendant in this case was guilty of burglary; and, considering every point raised by counsel, we do not think there is any reversible error in this record. There was but slight defense, if any, against the case made out by the state.

*Affirmed.*