## Slone v. Commonwealth.

(Decided June 21, 1929.)

JAMES & HOBSON and W. W. WILLIAMS for appellant.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

1. On Sunday night, November 18, 1928, Jasper Slone killed Elbert Prater. On his trial under an indictment for murder, he was convicted of manslaughter, and

sentenced to 21 years in the penitentiary. He has appealed. As one of his grounds for reversal is that his conviction was flagrantly against the evidence, we must state the facts briefly.

Slone lived on Buckeye creek. His residence was a combination building; a portion being used for a retail storeroom. Just before dark this evening, Slone, some members of his family, Henry Parrot, and some neighbors, who had stopped in out of the rain, were seated on the front porch, talking. Elbert Prater rode up, hitched his mule, threw on the porch a stick or club he was carrying, announced himself as a bad man, made a remark about what a fine gun he had, and asked for a chew of tobacco. Some of the party gave his some tobacco. He was drinking, and quarrelsome. Soon he got into a difficulty with Henry Parrot. They began throwing rocks at each other. Prater was struck and severely wounded on the head by a rock thrown by Parrot, and a rock thrown by Prater struck Slone on the head, severely wounding him. Others in the party broke up the fight and induced Prater to leave. Just after he left, a man named Nelson, who was unfriendly to Slone, came by. He fired his pistol several times before reaching Slone's, reloaded, and fired several times as and after he passed. There was some evidence he was shooting at the house and other evidence that he was shooting at random. This man a short time before this had shot into this house and wounded Mrs. Slone. Slone had every reason to expect trouble from him.

As night came on, the parties went into the house. Slone was having his wound washed and dressed. Presently some one heard an unusual noise under or about the house. They came out on the porch, and a man was seen near the house. He was asked who he was, but made no answer. Slone threatened to shoot him, but some of the party recognized him as Henry Prater, whereupon Slone told him to leave, and he left. Again the party went into the house, and presently another noise was heard, and they came out on the front porch again. Some one of them thought they saw a man in a stooped position skulking about a stack of lumber near the house. These people would have been superhuman if they had been unaffected by these eery and unusual occurrences. One witness frankly admitted he could not say exactly what was said, he was scared so bad. Slone and his daughter went through the house and out on to the back porch.

Some one threw a rock at Slone and hit him on the arm. Slone asked who it was, but the only answer he received was a threat to kill him and the throwing of a second rock, which struck Miss Slone. Slone could see the bulk of a man moving in the darkness back of his house and about 15 feet from it. He fired at the bulk. It went down and the rock throwing ceased. Some of the party procured a light, and soon found Elbert Prater. He was shot in the left breast, and was dead. There is no conflicting evidence. The conviction of Slone under these circumstances is flagrantly against the evidence.

Instruction No. 3 should be so modified as to read, "and the only safe means of escaping or warding off said danger or to him apparent danger," etc., and by adding the words, "if either" after the word "committed" in the latter part thereof. See Tompkins v. Com., 117 Ky. 138, 77 S. W. 712, 25 Ky. Law Rep. 1254.

Instruction No. 5 should be so modified as to begin, "If the jury believe and find, from the evidence that the defendant, Jasper Slone, had reasonable grounds to believe and did believe that Elbert Prater," etc., and this instruction should conclude thus, "even to the shooting and killing of the deceased." See Carroll v. Com., 221 Ky. 557, 299 S. W. 183; Eversole v. Com., 34 S. W. 231, 17 Ky. Law Rep. 1259; Eversole v. Com., 95 Ky. 623, 26 S. W. 816, 16 Ky. Law Rep. 143; McKinney v. Com., 82 S. W. 263, 26 Ky. Law Rep. 565.

A man should be tried for his offenses one at a time, and upon the next trial there should be no evidence that Slone was a bootlegger or had sold whisky. Nor should the commonwealth's attorney in his argument to the jury refer to the evidence before the grand jury or any other evidence not heard from the witness stand. Defendant did not object to these things this time, and this suggestion is made to avert a recurrence of them.

The judgment is reversed.