## Hopkins v. Commonwealth.

(Decided June 6, 1930.)

JAMES & HOBSON, A. J. MAY, EDWARD L. ALLEN, W. W. WILLIAMS and O. C. HALL for appellant.

J. W. CAMMACK, Attorney General; GEORGE H. MITCHELL, Assistant Attorney General; CLAUDE P. STEPHENS and JOHN W. CAUDILL for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, Frank Hopkins, was indicted by the grand jury of Floyd county for the murder of Bill Puckett. On his first trial the jury failed to agree, and on his second trial he was convicted of manslaughter and his punishment fixed at confinement in the penitentiary for 21 years.

Puckett was shot and killed by appellant on Saturday night, September 15, 1928, near a church where services were being held. Appellant was in the church where services were being conducted before the killing occurred. Church services had progressed to the point where the minister was delivering a sermon when a man by the name of Arnett, who was intoxicated, came in and sat down on a bench near some young women. He created quite a disturbance, and John Holbrook, who was sitting near the front of the church, went to him and escorted him from the building. Several other persons left the church at this time, among them being appellant and Turner Prater, a justice of the peace. Holbrook took a quart bottle of whisky from Arnett and handed it to Prater, who poured out most of the contents of the bottle. Someone suggested that the appellant, Frank Hopkins, should taste the liquid in the bottle in order to determine whether or not it was whisky, which he did. About this time Puckett appeared on the scene and walked a short distance up the road with Arnett. He was in a very angry frame of mind, and began making threats against Holbrook. His wife and sister were in the church, and some one sent for them. They came out and undertook to take Puckett home—one of them taking hold of his right arm and one of his left arm—but he started back towards the crowd with an open knife in his hand, and inquired concerning the whereabouts of Holbrook. Someone told Holbrook to go into the church, and he did leave, and went as far as the church steps about 25 steps away. In the meantime Puckett had dragged his wife and sister to the point where appellant, Prater, and one or two others were standing. He was still brandishing the knife, and finally succeeded in breaking loose from his wife and sister. As he did so his left shoulder struck appellant and knocked him down. At the time he

lunged against Hopkins he had the open knife in his hand and Hopkins was cut in the chest. It does not appear that this wound was serious.

It is the theory of the commonwealth that Puckett accidentally lunged against appellant when he broke away from his wife and sister and was making no attack on him, but appellant claims that the deceased intentionally struck at him with the knife. Appellant fell on his back, and, as he rose, he fired one shot at Puckett, and after a very short interval, fired four or five shots. Several witnesses for the commonwealth testified that both appellant and Puckett fell, and that appellant got up and fired several shots. Some of the witnesses said it was dark and that they could not see Puckett, but that it appeared that all the shots were fired toward the ground. Appellant explains this by saying that, after the first shot was fired and he had gotten up, Puckett advanced toward him in a crouched position with the open knife in his hand, and that his pistol was necessarily pointed downward.

As grounds for reversal, it is urged that the evidence was not sufficient to authorize a submission of the case to the jury; the verdict is flagrantly against the evidence; the argument of the commonwealth's attorney was prejudicial to appellant's substantial rights; the court erred in failing to instruct the jury that appellant had the right to shoot deceased in defense of John Holbrook; and the instruction on self-defense is erroneous.

While the evidence is far from satisfactory, we are not prepared to say that the peremptory instruction asked for by appellant should have been given, since there was some evidence from which the jury might have concluded that the appellant used more force than was necessary to defend himself against any attack made upon him by the deceased. Whether or not the verdict is flagrantly against the evidence we deem it unnecessary to determine, since the judgment must be reversed on other grounds, and the evidence may be materially different on another trial. Likewise it is unnecessary to discuss the alleged improper argument of the commonwealth's attorney, since it will probably not occur on another trial.

In the self-defense instruction the trial court properly confined the appellant's right to kill the deceased to the defense of himself. It is earnestly insisted that the instruction should have been broadened so as to allow

him to kill the deceased in the defense of John Holbrook, but there was no evidence tending to show that Holbrook was ever in any danger, real or apparent, or that appellant fired the shot which killed the deceased in the defense of anybody but himself. Furthermore, appellant did not claim that he shot in the defense of Holbrook, but testified that he shot the deceased because he believed he was in danger of death or great bodily harm at the hands of deceased. At the time the shooting occurred John Holbrook was a considerable distance away, and in no immediate danger. Appellant admits that he knew Holbrook had left the scene. Under the proven facts appellant was not entitled to an instruction on the defense of John Holbrook. Castle v. Commonwealth, 228 Ky. 151, 14 S. W. (2d) 387; Kindrick v. Commonwealth, 226 Ky. 144, 10 S. W. (2d) 639; Johnson v. Commonwealth, 215 Ky. 717, 286 S. W. 1053; Young v. Commonwealth, 214 Ky. 475, 283 S. W. 431. The self-defense instruction given by the trial court reads as follows:

"Though the jury may believe and find from the evidence that the defendant shot and wounded said Puckett and that he died therefrom as set out in Instruction No. 1, or as in Instruction No. 2 yet if the jury believe from the evidence that at the time defendant so shot and wounded him the said Puckett was about to inflict death or great bodily harm upon defendant, or if defendant believed, exercising a reasonable judgment, that said Puckett was then and there about to inflict death or great bodily harm upon him; and that the only reasonable means or to him, exercising a reasonable judgment, the only apparent reasonable means of escaping or warding off said danger or to him such apparent danger, was to so shoot and wound said Puckett you will acquit defendant on ground of self-defense, and apparent necessity."

This instruction was erroneous, in that the court used the words "reasonable means" when the words "safe means" should have been used. Slone v. Commonwealth, 230 Ky. 199, 18 S. W. (2d) 1005; Tompkins v. Commonwealth, 117 Ky. 138, 77 S. W. 712, 21 Ky. Law Rep. 1254. It was further erroneous in the use of the word "escape," which should have been omitted. Howard v. Commonwealth, 67 S. W. 1003, 24 Ky. Law Rep. 91; Cockrill v. Commonwealth, 95 Ky. 22, 23 S. W. 659,

15 Ky. Law Rep. 328; Eversole v. Commonwealth, 95 Ky. 623, 26 S. W. 816, 16 Ky. Law Rep. 143; Caudill v. Commonwealth (Ky.) 27 S. W. (2d) 705, decided May 2, 1930. In the last-cited case a similar instruction was condemned, and in the course of the opinion the following from the opinion in the Howard case was quoted with approval: "The latter part of this instruction was erroneous in the use of the word 'escape,' which seems to imply that defendant must seek safety in flight, or other means than by defending himself from the impending danger." The Attorney General cites Slone v. Commonwealth, supra, as announcing a contrary rule, but the only criticism of the self-defense instruction made in the Slone case was as to the use of the words "reasonable means" instead of the words "safe means," and that case is not authority on the question now under consideration. While under some states of fact the instruction as given might not be prejudicial, it is not a correct statement of the law, and we are of the opinion that in this case, in view of the verdict and the facts proven, it was clearly prejudicial to the appellant. On another trial the court, in lieu of instruction No. 3, will give the following instruction:

"Although the jury believe from the evidence beyond a reasonable doubt that the defendant shot and killed deceased, yet, if at the time the defendant so shot and killed deceased, he had reasonable grounds to believe, and in good faith did believe, that the deceased was then and there about to inflict upon him death or some great bodily harm, and that to shoot deceased was necessary, or seemed to him in the exercise of a reasonable judgment to be necessary in order to protect himself from said danger, real or to the defendant apparent, you should find the defendant not guilty on the ground of self defense or apparent necessity."

Instructions substantially like this have been approved in a number of cases by this court. Blanks v. Commonwealth, 223 Ky. 484, 3 S. W. (2d) 1105; Reynolds v. Commonwealth, 183 Ky. 375, 209 S. W. 346; Wilson v. Commonwealth (Ky.) 121 S. W. 430; Mullins v. Commonwealth, 108 S. W. 252, 32 Ky. Law Rep. 1216; Reynolds v. Commonwealth, 114 Ky. 912, 72 S. W. 277, 24 Ky. Law Rep. 1742.

For the reasons indicated, the judgment is reversed for further proceedings consistent herewith.