Eugene S. Wiggins, Joe P. Chenault, Warfield Z. Miller, and George Robbins, Richmond, for appellants.

J. D. Buckman, Jr., Atty. Gen. and Jo M. Ferguson, Asst. Atty. Gen., for appellee.

DUNCAN, Justice.

The appellants, Hugh T. Young and K. A. Cormney, were convicted of the offense of keeping or leasing premises where bets are placed on races or other contests, and their punishment was fixed at a fine of $4,000 each and six months in jail. KRS 436.440. A number of errors are claimed in appellants' brief, but we shall discuss the single ground which, in our opinion, requires reversal.

The appellants objected to certain statements made by the Commonwealth Attorney during his closing argument to the jury. Motions were made to exclude certain parts

**YOUNG et al. v. COMMONWEALTH.**

Court of Appeals of Kentucky.

June 19, 1953.

of the argument and set aside the swearing of the jury. All objections and motions were overruled and proper exceptions were taken. Since it would unduly lengthen the opinion to quote at length from the argument, we merely summarize some of the unwarranted statements which were made.

The case was tried only a few days after the people of this State had been shocked to learn that some of the University of Kentucky basketball players had accepted bribes to "shave" points in some of the games they had played. Although there was no evidence that appellants bribed the players at the University of Kentucky, or elsewhere, or participated in any syndicate which had done so, the Commonwealth Attorney strongly inferred in some instances, and directly charged in others, that appellants were members of a gambling syndicate engaged in bribing players. He reviewed the 1949 basketball game between the University of Kentucky and Loyola University played at Madison Square Garden, one of the games in which bribes had been accepted. He started with the pre-game warm up and dramatically replayed the game to the final whistle. He then informed the jury that the gambling syndicate "fixed" the game; directly connected appellants with the syndicate; and charged that they were undermining the high schools and a college in Madison County, and inferred that they would attempt to bribe players at those schools. He also informed the jury that the gambling syndicate in another case had murdered a witness who appeared before a grand jury, and he intimated that should the jury return a light verdict against the defendants the verdict would brand the members as having been approached or "fixed."

It would seem wholly unnecessary to review here the many statements of this Court concerning the type of argument which this record reflects. A good deal of latitude is allowed a Commonwealth Attorney in his argument to the jury, but our review of the cases does not indicate that we have ever approved an argument so flagrant as the one in this case. To say that the argument is not reversible would amount to removing all restraints upon argument in criminal cases. Without further elaboration, we merely refer to some of the cases in which we have considered and condemned similar arguments. Little v. Commonwealth, 221 Ky. 696, 299 S.W. 563; Goff v. Commonwealth, 241 Ky. 428, 44 S.W.2d 306; Napier v. Commonwealth, 268 Ky. 482, 105 S.W.2d 594.

Without discussing them in detail, we may say that none of the other grounds which are urged in appellants' brief are considered sufficient to justify a reversal.

For the reasons indicated, the judgment is reversed.