**Clay BOWLING, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 6, 1955.

S. M. Ward, Scott E. Duff, Vernon Faulkner, Hazard, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Clay Bowling was tried separately on a charge of robbery, having been indicted jointly with three others. He was charged with stealing $12,000 from John M. Lewis, and was convicted. His punishment was fixed at two years' confinement in the state reformatory.

The only grounds urged for reversal which will be considered are the sufficiency of the evidence and the prejudicial remarks of the prosecuting attorney in the closing argument to the jury.

Without going into details, John M. Lewis stated he came to Hazard, Kentucky, on business. He had with him about $12,000 in cash and approximately $700 in checks. While there, he met with a former acquaintance and engaged in a poker game, which lasted from early in the evening until about 4:30 the following morning. Appellant and the three others indicted with him engaged in the game with Lewis. Lewis had been drinking beer and some gin during the afternoon and during the progress of the poker game.

The vital difference in the testimony concerns the outcome of the game and how Lewis lost his money. Lewis contends that he won such money as appellant and his associates were able to put into the game and that after it was over, ap-

pellant and his associates robbed him of all of his money except a silver dollar. Appellant and his associates make an equally clear-cut statement that Lewis lost all of his money in the poker game and that there was no scuffle or robbery afterward. Appellant and his associates were arrested shortly after Lewis secured the peace-officers, and over $8,100 in cash was taken from the possession of appellant. There is a direct conflict in the evidence as presented for the prosecution and the defence, such that it is considered that the evidence was sufficient to warrant the case going to the jury.

The serious ground urged for reversal is based on the prejudicial argument of the Commonwealth's attorney in his closing speech to the jury. Objections were made to three separate portions of the argument made by the Commonwealth's attorney.

The first statement was, in substance, this: We tried two fellows last court for robbing a taxi driver of $1,800 and they were convicted. Appellant's objection to this statement was overruled by the court.

The second statement objected to by appellant was: "The defendant said he was out to crook him and out to get him drunk, you saw how cocky he was on the witness stand and you heard him say that he won every goddam cent he had." The court made no ruling on this objection, but stated this, in substance, to the jury: You heard the evidence and I heard the evidence and you will be guided by the evidence and not by what the attorneys say.

Later in the argument, the Commonwealth's attorney said, in substance, to the jury: We have had a crowd around that same corner that defied everybody and machine-gunned the officers, and we have had them in here. At that point, appellant's counsel objected to this argument and moved the court to set aside the swearing of the jury and continue the case. The court sustained the objection and admonished the jury not to consider the state-

ment of the Commonwealth's attorney, but overruled the motion to discharge the jury.

The statements complained of are contained in the bill of exceptions and are not contradicted. It is apparent that the first and third statements refer to matters entirely irrelevant and outside the evidence. The second statement purports in part to state what was said by appellant and to call attention to his conduct and attitude on the witness stand. An examination of his testimony fails to reveal that he made such statements, although, in part, similar statements were made in substance. The statements thus made by the Commonwealth's attorney are inaccurate insofar as they purport to be the actual words of appellant. misquotations of the evidence should not be made because of their tendency to mislead the jury. The better practice is to quote the statement correctly and then state any inferences logically flowing therefrom. Appellant's attitude on the witness stand is not revealed by the record.

It is regrettable that a case must be reversed because of the zeal of a prosecuting attorney. However, it is the obligation of the prosecuting attorney to conduct himself with due regard to the proprieties of his office and to see that the legal rights of the accused, as well as those of the Commonwealth, are protected. It is his duty to prosecute but not persecute. He should endeavor to see that justice is meted out and that the accused is dealt with fairly. Above all, there is an obligation that truth and right shall prevail. Howerton v. Commonwealth, 129 Ky. 482, 112 S. W. 606, 33 Ky.Law Rep. 1008; Bailey v. Commonwealth, 193 Ky. 687, 237 S.W. 415; Little v. Commonwealth, 209 Ky. 263, 272 S.W. 721; Johnson v. Commonwealth, 217 Ky. 565, 290 S.W. 325; Stahl v. Commonwealth, 244 Ky. 356, 50 S.W.2d 952; Drake v. Commonwealth, 263 Ky. 107, 91 S.W.2d 1009.

More specifically, the Commonwealth's attorney, in argument, should refer only to evidence heard from the wit-

ness stand and should scrupulously keep within the record. Likewise, it is his duty to see that no statement that is calculated to mislead the jury or stir up prejudice in their minds is made. Johnson v. Commonwealth, 188 Ky. 391, 222 S.W. 106; Slone v. Commonwealth, 230 Ky. 199, 18 S.W.2d 1005; Caudill v. Commonwealth, 239 Ky. 712, 40 S.W.2d 334; East v. Commonwealth, 249 Ky. 46, 60 S.W.2d 137; Young v. Commonwealth, Ky., 259 S.W.2d 447.

Many similar cases are referred to in the cases cited.

The pyramiding of highly improper statements produced a prejudicial effect which is condemned. Adams v. Commonwealth, Ky., 263 S.W.2d 103. Such admonitions as were given are considered inadequate to protect the rights of the appellant. Napier v. Commonwealth, 268 Ky. 482, 105 S.W.2d 594.

■ Under the principles stated, the remarks of the Commonwealth's attorney are considered prejudicial to the rights of the appellant and the action of the trial court erroneous in failing to protect those rights. Other grounds urged for reversal are not considered since they may not arise on a second trial.

Judgment reversed.

HOGG, Judge (dissenting).

I would affirm the judgment.

I disagree with the majority because I do not think the complained of argument of the Commonwealth's Attorney, though improper, could have had any weight in the jury's decision of the case and, therefore, it was not prejudicial to appellant's substantial rights. The language complained of was neither abusive nor inflammatory, or such as would have misled or deceived the jury.

The statement of the Commonwealth's Attorney, " 'We tried two fellows last court for robbing a taxi driver of $1,800 and they were convicted' ", technically was improper. He might have said, "We have tried and convicted many who were charged with robbery." Such statement as made by the Commonwealth's Attorney could not have become the basis for any argument upon which the Commonwealth's Attorney attempted to prove the guilt of appellant.

The second statement objected to was, " 'The defendant said he was out to crook him and out to get him drunk, you saw how cocky he was on the witness stand and you heard him say that he won every goddam cent he had.' "

While the trial court is not recorded as having formally sustained the objection to this statement, it is shown that the court did admonish the jury that they should be guided by the evidence which they had heard, and not what the attorney said. Granted that there was some misquotation of the evidence, in view of the court's admonition I fail to see wherein the appellant could have been prejudiced. The jury undoubtedly remembered the evidence, perhaps better than did the Commonwealth's Attorney.

As to the statement of the Commonwealth's Attorney, " 'We have had a crowd around that same corner that defied everybody and machine-gunned the officers, and we have had them in here' ", the court made a timely admonition to the jury not to consider the statement. If the statement was improper, I think the admonition was amply sufficient to protect the rights of appellant and the court was entirely correct in refusing to set aside the swearing of the jury and to continue the case. The jury knew the statement was unauthorized by the evidence. There was nothing inflammatory about it. It is my belief that it is more plausible to say that this statement, unauthorized from the evidence, redounded to the benefit of the appellant rather than to his disadvantage, especially in view of the admonition of the court. The jurors I have been acquainted with in my experience at the Bar, are as wide awake and as cognizant to what the evidence is in a given case on a given matter as is the attorney who at the time may be arguing the case.

Improper arguments must be found to be, not only improper, but also so highly improper as to be substantially prejudicial to the accused to warrant a reversal. See,. Drake v. Commonwealth, 263 Ky. 107, 91 S.W.2d 1009, and many other cases found in Ky. Dig., Criminal Law, ☞ 1171 (3).

For the reasons stated, I respectfully dissent.