**William R. KOONCE and Larry Russell Berning, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 20, 1970.

Rehearing Denied May 15, 1970.

M. S. Mahurin, Henderson, for appellants.

John Breckinridge, Atty. Gen., James Barr, Asst. Atty. Gen., Frankfort, Maubert R. Mills, Commonwealth's Atty., Madisonville, for appellee.

STEINFELD, Judge.

Five male youths whose ages ranged from 16 through 18 were charged with storehouse breaking. KRS 433.190. One died before trial. The others were tried, found guilty and sentenced to serve three years in the penitentiary. Only Larry R. Berning and William R. Koonce appeal. We reverse as to Berning and affirm as to Koonce.

■ On the day following the arrest of Larry Berning a petition was filed in the Hopkins County Juvenile Court (KRS 208.020 (1)) alleging, on information and belief, that Larry had violated the law. It demanded an investigation and disposition " * * * in accordance with the law and the best interest and welfare of said Child." Larry was arrested on a warrant issued by that court. About two weeks after that petition was filed an indictment was returned by the grand jury. Although Larry was seventeen years of age no order was entered by the juvenile court transferring the case to the circuit court which procedure is authorized by KRS 208.170(1). Larry contends that since he was under eighteen and jurisdiction had not been surrendered by the juvenile court the circuit court was without jurisdiction to try him. We agree. See KRS 208.020(1); Smith v. Com., Ky., 412 S.W.2d 256 (1967).

■ Appellant Koonce also says that because of his age the circuit court did not have jurisdiction over him. The crime was committed on May 15, 1968, William became eighteen years of age on May 18, 1968, and he was indicted on May 29, 1968. We held in Lowry v. Com., Ky., 424 S.W.2d 841 (1968), that the circuit court had jurisdiction to try an accused on an indictment returned after he became eighteen years of age, even though the crime was committed when he was under eighteen and there had been no proceedings in the juvenile court. The law announced in Lowry is applicable to Koonce.

■ A car occupied by the five youths entered an automobile service station which was closed for the night. Witnesses testified that these boys went to a soft drink vending machine and used a key in their possession to open the outer door. With the use of force they removed a money box from within the vending machine. Koonce contends that the statute under which they were indicted (KRS 433.190) contemplates the entry of a warehouse or a storehouse and not a vending machine. Counsel for appellant candidly admits that we held in Shumate v. Com., Ky., 433 S.W. 2d 340 (1968), that a vending machine was embraced by KRS 433.190. He urges us to depart from that holding but we decline to do so.

■ It is next contended that ownership of the vending machine was not proved because there was no showing as to whether its owner was an individual, a partnership or a corporation. Two witnesses testified that its owner was the Royal Crown Bottling Company of Madisonville. One witness expressed the opinion that the Royal Crown Bottling Company was owned " * * * by L. B. Hoover and Mrs. (L.L.) Knight." The vending machine was in the automobile service station owned by Philip A. Lantaff and Justice Rhodes. In 12 C.J.S. Burglary § 26, p. 685 it is written:

" * * * the specific ownership of a building involved in the crime of burglary is not an essential element of the offense, and title, as far as the law of burglary is concerned, follows the possession, and possession constitutes sufficient ownership as against the burglar."

The proof was sufficient. Rawls v. State, 152 Miss. 885, 120 So. 211 (1929).

■ Appellant Koonce contends that the Commonwealth failed to prove the theft of anything of value or that there was money in the machine. The evidence showed that the coin box was taken away by these boys although the record is silent as to its contents but a police officer stated he found $4.06 in change in the money box. KRS

433.190 states that "Any person who * * with intent to steal, or who feloniously takes * * * (from a warehouse or storehouse) * * * or destroys anything of value, * * * " is guilty of violating that statute. Obviously the proof met that test. See Broughton v. Com., 303 Ky. 18, 196 S.W.2d 890 (1946).

■ The trial court refused an instruction offered by Koonce on petty larceny. Relying on Sorke v. Com., 271 Ky. 482, 112 S.W.2d 676 (1938), he contends this was error. There was no discussion in Sorke with respect to instructions, but this subject was an issue in Young v. Com., 245 Ky. 117, 53 S.W.2d 206 (1932), in which we said:

"We will first address ourselves to the defendant's complaint that the court should have incorporated in its instructions given the jury upon the housebreaking charge also an instruction on petit larceny, as being a lesser degree of the housebreaking offense charge. We deem this objection to be without merit, for the reason that the offense of larceny is not embraced or included as a lesser degree, or any degree, of the offense of housebreaking, as provided in section 1164 of the Kentucky Statutes, upon which the indictment under which defendant was here tried was based." (KS 1164 is now KRS 433.190).

See 3 Kentucky Instructions to Juries, Stanley, 89, section 828 and the notes thereto.

■ Lantaff testified that he was in the darkened office of the station and he described the actions of the boys and identified the coin box found in their possession. Counsel for Koonce objected to the identification of the box but not to the testimony descriptive of what the boys did. Rhodes told of returning to the station and seeing " * * * five boys at the drink machine * * * " and of the arrival of the police as the boys attempted to flee " * * * in a Ford station wagon." There were only two objections, both sustained, to the testimony of Rhodes. Bob Burton, a police officer, testified that he and other officers answered the call to come to the service station, what he saw on arrival, of obtaining a warrant to search the boys' car and of finding the keys, money box, money and other articles in the headliner over the rear seat. There was an objection sustained to one statement, but no others were made. These witnesses were cross-examined at length.

Appellant argues that the testimony of Rhodes, Lantaff and Burton was not worthy of belief, therefore, it was error to deny appellant's motion for a new trial. We have examined that testimony and find this contention wholly without merit.

■ Koonce contends that because he stayed on the premises for " * * * a good five minutes", made " * * * no attempt * * * to open the second machine"; that "None of the defendants acted as a lookout" and that they had nothing in their possession which " * * * indicated they had robbed any other machines that evening even though it was already 10:30 p. m." their conduct was consistent with innocence rather than any wrongdoing. He argues that these and other facts testified to by the boys showed his innocence and that he was entitled to a directed verdict. While this testimony was proper on defense it merely placed in issue before the jury the question of guilt or innocence.

■ Finally, it is contended that the argument of the Commonwealth Attorney was improper, that it so prejudiced the jury, that the appellant Koonce did not receive a fair trial. The statements to which counsel for appellant objects and considers prejudicial were:

"How anyone could entertain any doubt of the guilt of any of them is absolutely beyond me, and I don't believe that this jury will.

I'll tell you what I think. I think that if this jury does not believe Mr. Lantaff,

if this jury, with all the safeguards there are for these defendants, goes back there and tries to find a way to turn this one *loose or that one loose,* or something like that then we might as well—

\* \* \* We had might as well take the police off the streets. Mr. Lantaff might as well sit in his station all night every night with a shotgun.

Now you know, these boys are all from Henderson. They have run around together up there for a long time. They were so close together that they were all buying an automobile together. I think that this jury is going to say to punks wherever they are, whether it be Evansville or Henderson or Hopkinsville or Nashville or Paducah or Louisville, that when they start out with these keys like this, or other burglar's tools, they had better by-pass Hopkins County.

Now don't you go back there—don't you go back there and talk about how sad it is that a 16-year-old boy has to go to the penitentiary, because there is a lot of people with duties regarding these things."

To support his contention he refers us to Jackson v. Com., 301 Ky. 562, 192 S.W.2d 480 (1946), which we reversed because the prosecutor stated: "You are being watched by the men and women of this county so they can tell by your verdict your character and the kind of men and women you are in the county." Among other cases cited are May v. Com., Ky., 285 S.W.2d 160 (1955), which we reversed because of an argument of the prosecutor which he used to plant in the minds of the jury the idea that justice can only be upheld by harsh measures of punishment rather than by a conviction arrived at after sober consideration of the evidence, and Bowling v. Com., Ky., 279 S. W.2d 23 (1955), which also was reversed because the prosecutor referred to a previous *conviction of other persons,* the attitude of the defendant and the misconduct of other persons. He also cites Young v. Com., Ky., 259 S.W.2d 447 (1953), in which

the prosecutor inferred that the accused had connections with a gambling syndicate wherefore we reversed. He notes the rule that *arguments of counsel must not arouse passion and prejudice,* that they must be pertinent to the law and consistent with the facts proven and the inferences to be drawn therefrom.

We stated in Lewis v. Com., 307 Ky. 733, 212 S.W.2d 269 (1948), to-wit:

"In the case of Housman v. Com., 128 Ky. 818, 110 S.W. 236, 239, the rights and limitations imposed upon prosecuting counsel in his argument to the jury are thus defined:

'Much latitude is of necessity allowed an attorney in the presentation of his case; the only limitations being such as require him to confine himself to the facts introduced in evidence, and the fair and reasonable deductions and conclusions to be drawn therefrom, and the application of the law, as given by the court, to the facts proven. Controlled, regulated, and bounded alone by these limitations an advocate may, with perfect propriety, appeal to the jury with all of the power, force, and persuasiveness which his learning, skill, and experience enable him to command, and of this character of argument the accused may not complain, even though he feels that his conviction may be traceable more directly to the argument of counsel *than to the* facts proven.' "

There is nothing improper in the Commonwealth Attorney expressing his opinion as to the guilt of the defendants as long as it is based upon the evidence in the case. Hamilton v. Com., Ky., 401 S.W.2d 80 (1966), cert. den. 385 U.S. 1014, 87 S.Ct. 728, 17 L.Ed.2d 551.

A Commonwealth Attorney in Ferguson v. Com., Ky., 401 S.W.2d 225 (1965), referred to the accused as the "beast he has been in the past". We said that " \* \* this reference pertained to the present crime and was fair argument." Citing cases.

Koonce received a three-year sentence when he could have had five years. We are not convinced that the argument here exceeded bounds or was prejudicial. Stumbo v. Com., Ky., 299 S.W.2d 115 (1957).

The judgment as to appellant Berning is reversed but as to appellant Koonce it is affirmed.

All concur.