Melvin GAINES, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2006–CA–000861–MR.

Court of Appeals of Kentucky.

July 25, 2008.

Rehearing Denied May 4, 2009.

Roy Alyette Durham, II, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, James C. Maxson, Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON, LAMBERT, and THOMPSON, Judges.

## OPINION

THOMPSON, Judge.

Melvin Gaines, Jr. appeals from a judgment of the Shelby Circuit Court following his conviction after a jury trial. For the reasons stated herein, we affirm Gaines' conviction but vacate his sentence and remand this case for a new sentencing hearing.

On December 5, 2003, Shelby County Sheriff's Deputy Daniel Wills responded to a dispatcher's call to investigate a possible theft in Room 228 at the Days Inn Motel on Highway 55 South in Shelbyville, Kentucky. After Wills knocked and Gaines opened the door, Wills observed two subjects, Mark Mathews and Josh Franklin, whom he knew had outstanding arrest warrants. Gaines informed Wills that he was missing $300, and he wanted Wills to come inside and help him find it.

Wills entered and Franklin was handcuffed and taken into custody. Franklin was then turned over to an arriving deputy. Gaines then informed Wills to search Mathews for the missing money. After Mathews was patted down, he was handcuffed and taken into custody. As Wills exited the room to place Mathews in a vehicle, he observed a stem with marijuana leaves on the floor near the door. After returning to the room to search for the money, deputies discovered a syringe, a baggy containing cocaine, a bag of marijuana, and two types of pills. Gaines was then arrested and found with over $1,000 on his person.

Subsequently, Gaines was indicted and found guilty of first-degree possession of a controlled substance; possession of drug paraphernalia, first offense; trafficking in marijuana under eight ounces; and third-degree possession of a controlled substance. During his closing argument at the sentencing phase of the trial, Gaines asked the jury for leniency by sentencing him to the minimum, one year's imprisonment. He further contended that he was just a family man. During closing argument, as stated in Gaines' brief, the prosecution made the following statements to the jury:

The minimum sentence in this case would be as bad as saying nothing happened. The minimum time, even if you give, and I ask you to give 5 years in the penitentiary, he will be eligible for parole in one year. One year.

We're talking about cocaine, marijuana and were talking about providing it to three people. Were talking about providing it to people on the job. What does that say to the community in which we live. This person and that conduct needs to be punished and punished severely. The severity in this case is five years.

What he did, what he is doing, what he has done, five years is and should be the only thing you would ever consider back in that jury room. The Commonwealth, the Sheriff's Department, and I would have to say the people, look at the sentences and let the people know that this conduct is not going to be acceptable in the community of Shelby County and the city of Shelbyville. Give five years on the felony, 12 months on each of them and let this community know that drugs of this nature, conduct of this nature is not acceptable and will not be accepted in this for anybody.

No one should be allowed to do this and you are going to set the standard. Go

to that jury room and put the maximum down for each one of them. That will let the message be sent.

Following these closing arguments, the jury recommended the maximum, five years' imprisonment, for the first-degree possession of a controlled substance conviction. The jury recommended the maximum, twelve months' imprisonment, for the three remaining convictions. After he was sentenced in accordance with these recommendations, this appeal followed.

Gaines' sole contention is that he was substantially prejudiced and denied due process of law when the prosecutor urged the jury to "send a message" to the community by punishing him with the maximum possible sentence. Specifically, he contends that the prosecution violated its ethical and constitutional duty not to inflame the jury and deny the defendant a fair and impartial trial. Accordingly, he contends that his conviction and sentence should be reversed.

▉▉ As our standard of review, we observe that this issue was not preserved at trial by a proper objection and, thus, we review only for palpable error. Under palpable error analysis, an error which affects the substantial rights of a party may be addressed even when the error was not preserved by a proper objection. RCr 10.26.[1] For an error to be palpable, the error must be so easily perceptible and obvious that a "manifest injustice" would result if appropriate relief is not granted. *Schoenbachler v. Commonwealth*, 95 S.W.3d 830, 836 (Ky.2003). Ultimately, palpable error analysis boils down to whether or not there is a substantial possibility that the outcome of the defendant's case would have been different absent the error. *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky.2006).

▉ When reviewing allegations of prosecutorial misconduct, we recognize that prosecutors are permitted reasonable latitude during closing arguments to persuade jurors that the matter should not be taken lightly. *Richards v. Commonwealth*, 517 S.W.2d 237, 242 (Ky.1974). Prosecutors are even permitted to make recommendations as to the severity of punishment warranted by the evidence. *Woodall v. Commonwealth*, 63 S.W.3d 104, 124 (Ky.2001). However, prosecutors have been repeatedly cautioned from placing upon "the jury the burden of doing what is necessary to protect the community." *Commonwealth v. Mitchell*, 165 S.W.3d 129, 132 (Ky.2005). Prosecutors simply cannot deny a defendant a fair and impartial criminal proceeding by appealing to improper grounds to a jury. *Smith v. Commonwealth*, 845 S.W.2d 534, 536 (Ky. 1993).

▉ As noted in *Mitchell*, Kentucky has not followed the lead of several sister states in drawing a bright line rule prohibiting "send a message" statements. *Id.* at 132. Notwithstanding our failure to adopt such a rule, the touchstone of our system of criminal justice is that every defendant has a constitutional right to an impartial jury. *Paenitz v. Commonwealth*, 820 S.W.2d 480, 482 (Ky.1991). The impartiality of the finder of fact goes to the very integrity of our system of justice. *Id.* Because it is recognized that improper comments can affect the impartiality of jurors, Kentucky courts have seriously cautioned prosecutors from making calculated statements to incite prejudice in the minds of jurors for well over half a century. *Bowling v. Commonwealth*, 279 S.W.2d 23, 25 (Ky.1955).

Having reviewed the record and the applicable case law, we conclude that the prosecutor's "send a message" remarks in

---

**1.** Kentucky Rules of Criminal Procedure (RCr).

this case violated Gaines' constitutional right to a fair trial. Kentucky prosecutors have known for over half a century that these types of statements have been highly criticized by the appellate courts of this Commonwealth. The practical effect of such a statement is to incite jurors to assume the responsibility of curing the community's problems by rendering a severe sentence rather than focusing on Gaines' just punishment based on the specific facts of his case. This fact is most poignant here because the jury recommended the maximum sentence for each of Gaines' crimes.

Clearly, Gaines was deprived of his constitutional right to a fair trial. Based on the non-violent nature of the particular crimes and Gaines' actions which amount to turning himself in to authorities, it is probable that the jury would not have made the harshest recommendations possible without the prosecutor's inspirational statement to "[g]ive five years on the felony, 12 months on each of them and let this community know that drugs of this nature, conduct of this nature is not acceptable and will not be accepted in this for anybody.... Go to that jury room and put the maximum down for each one of them. That will let the message be sent." Accordingly, Gaines was deprived of his constitutional right to a fair and impartial jury due to the prosecutor's long-sanctioned, improper conduct.

For the foregoing reasons, Gaines' conviction is affirmed but his sentence is vacated, and this matter is remanded to the Shelby Circuit Court for a new sentencing hearing.

CAPERTON, Judge, Concurs.

LAMBERT, Judge, Dissents and Files Separate Opinion.

LAMBERT, Judge, Dissenting:

Respectfully, I dissent. I do not believe the Commonwealth committed palpable error in the instant case when, in response to appellant's request for leniency, the Commonwealth Attorney recommended the jury give appellant the maximum sentence, in part to send a message to the citizens of Shelby County.

Any error that resulted from the Commonwealth Attorney's remarks was not properly preserved for appellate review. If not properly preserved for appellate review, we are permitted to review only for palpable error under RCr 10.26; and, if palpable error is found, we may then only grant relief if we believe manifest injustice has resulted from that palpable error.

In the case at bar, I do not believe error rose to the level of palpable error, and accordingly would affirm the order of the Shelby Circuit Court.